### ANSON v. SAVINGS BANK OF UTICA.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

EVIDENCE (§ 269*)—SAVINGS BANK—JOINT DEPOSIT—STATUTORY PROVISIONS —EVIDENCE.

Banking Laws (Consol. Laws 1909, c. 2) § 144, provides that a deposit in the name of the depositor "and" another person, to be paid to either or the survivor, shall be the property of such persons as joint tenants. *Held*, that where a savings bank deposit was made to the credit of either of two persons, either or the survivor to draw, evidence of declarations and oral statements by them, made after the deposit, was admissible to show that it was not intended that they should own the deposit as joint tenants.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1063–1067; Dec. Dig. § 269.*]

Foote and Kruse, JJ., dissenting.

Appeal from Trial Term, Oneida County.

Action by Albert N. Anson, as administrator, etc., against the Savings Bank of Utica, to recover on a savings bank deposit. The court excluded certain declarations and oral statements of the persons in whose names the deposit was made, offered to show that the parties were not joint owners of the deposit, and from a judgment in favor of defendant, plaintiff appeals. Reversed, on the ground that it was error to exclude the offered evidence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

D. E. Powers, of Utica, for appellant.
Charles A. Miller, of Utica, for respondent.

PER CURIAM. Judgment reversed, and new trial granted, with costs to appellant to abide event. Held, that it was error to exclude the offered evidence. See opinion of Robson, J., in case of Clary, as Adm'x, v. Fitzgerald, 140 N. Y. Supp. 536, handed down this day. All concur, except KRUSE and FOOTE, JJ., who dissent in a memorandum by FOOTE, J.

FOOTE, J. (dissenting). I agree with Mr. Justice ROBSON'S construction of the statute that the legal effect of the deposit made in the statutory form is, in the absence of evidence of the contrary intent, to vest title to the deposit in the parties as joint owners. I think it is competent for the parties to have a different agreement between themselves, notwithstanding the form of the deposit, and that the agreement would control as to the ownership in spite of the statute; in other words, that the intent of the statute is to define the ownership, in the absence of an agreement to the contrary.

Whether plaintiff in this case was entitled to give evidence of oral statements of Mrs. Pike and Lamphere, made after the deposit, to show a different agreement or understanding as to ownership than that evidenced by the form of the deposit, depends, I think, on whether the paper writing signed by Mrs. Pike and Lamphere and left with the bank is held to be a written contract between these parties. Oral evidence cannot, of course, be received in behalf of the parties or their privies to vary the terms of a written contract. If the statute means what Mr. Justice ROBSON holds it to mean, then this writing, declaring the intention of the parties to make this deposit pursuant to the terms of this statute, shows an intention and agreement that there shall be a joint ownership of the deposit; but the writing purports to be only a declaration of Mrs. Pike as to her intention. Still it is also signed by Lamphere. It does not express a consideration, but is in the nature of an agreement to make a gift, consummated by the actual deposit in the bank. While the question is not free from difficulty, I am inclined to think that the writing should be construed as a written contract between Mrs. Pike and Lamphere; and, if so, the trial judge was right in excluding the offer to prove that either party to this writing had made statements or declarations afterward showing a different intention or agreement than that embodied in the writing.

Accordingly I dissent from the opinion for reversal.

KRUSE, J., concurs.