*In re* REHFELD'S ESTATE.

BLOSS *v.* SCHREITER.

BANKS AND BANKING—JOINT DEPOSITS—STATUTES—SURVIVORSHIP
—JOINT TENANCY IN PERSONALTY.

Under Act No. 248, Pub. Acts 1909, § 3 (2 Comp. Laws
1915, § 8040), providing that when a deposit shall be
made in a bank by any person in the name of the de-
positor or any other person, and in form to be paid to
either or the survivor of them, such deposit shall be the
property of such persons as joint tenants, and may be
paid to either during the lifetime of both, or to the sur-
vivor, the ownership of the fund is actually fixed, and
the fund, in the absence of competent evidence to the
contrary, when deposited, becomes the property of such
persons as joint tenants, with the attendant right of
survivorship. FELLOWS and MOORE, JJ., dissenting.

Error to Wayne; Codd, J.   Submitted June 8, 1917.
(Docket No. 17.)   Decided September 27, 1917.

George Bloss presented his final account as executor
of the will of Charles Rehfeld, deceased. The account
was disallowed in part by the probate court, and the
executor appealed to the circuit court. Judgment al-
lowing the account in full on a directed verdict. Ar-
thur E. Schreiter, a residuary legatee, brings error.
Affirmed.

*Munroe & Powell* and *Arthur E. Schreiter,* for ap-
pellant.

*Dohany & Hersch,* for appellee.

BROOKE, J.   In this case the deceased, Charles Reh-
feld, on August 5, 1913, deposited in the Mt. Clemens
Savings Bank the sum of $2,000 to the credit of

"Charles Rehfeld or George Bloss or either or the survivor." On February 27, 1915, the deceased made a last will and testament by the terms of which, after a number of specific bequests, he devised and bequeathed the residue of his estate to George Bloss and Arthur E. Schreiter, two-thirds to Bloss, and one-third to Schreiter. Shortly thereafter Rehfeld died. Bloss, who was named executor in the will, took possession of the estate and the evidences thereof and went to Mt. Clemens for the purpose of having the deposit in the Mt. Clemens Savings Bank transferred to himself as executor. There for the first time he learned of the terms under which the deposit had been made. He thereupon signed the signature card and withdrew the fund, claiming it to be his own. His account in the probate court was charged with said deposit, it being there held that the same constituted a part of the Rehfeld estate. Upon appeal to the circuit court this ruling was reversed, and the fund was held to belong to Bloss personally. From this decision Arthur E. Schreiter appeals; it being his contention that said fund is a portion of Rehfeld's estate, and that he is entitled to one-third thereof as devisee of that proportion of the residue.

Appellee relies upon the provisions of Act No. 248, Pub. Acts 1909, section 3 (2 Comp. Laws 1915, § 8040) of which provides:

"When a deposit shall be made in any bank or trust company by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and

the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof."

The State of New York has a statutory provision (section 144 of the Banking Law [1 Consol. Laws, chap. 2; Laws of 1909, chap. 10]) practically identical with the Michigan statute.

In March, 1913, in the case of *Clary* v. *Fitzgerald,* 155 App. Div. 659 (140 N. Y. Supp. 536), the identical question here at issue was considered. The court there said:

"It may be conceded that, had this provision not been added to the banking law, the charge of the trial court would * * * have been correct. * * * The effect of this added provision has not been directly at issue in any reported decision to which our attention has been called. In the case of *Bonnette* v. *Molloy,* 153 App. Div. 73 (138 N. Y. Supp. 67), in discussing the effect of a deposit similar in form to that before us in the present case, Laughlin, J., incidentally refers to the added provisions and says:

" 'If the moneys had been deposited after the enactment of this statutory provision there could be no question but that the defendant [the survivor] would be entitled to the fund.'

"The effect of this same provision of the law is thus stated in Brady on Bank Deposits, p. 46:

" 'It must be added that, under a New York statute, a deposit of this character would to-day create an estate in joint tenancy, even without the delivery of the passbook. But, under that statute, once the deposit is opened, and the estate in joint tenancy created, the depositor cannot revoke the gift or take it back. If he draws the money and uses it, he is accountable to the donee as any other joint tenant of personal property would be.' (It may be observed that equivalent statutory provisions were in 1909 adopted in California * * * and Michigan. * * *)

"The fact that this deposit was entered in form to

the credit of intestate 'or' defendant by name, instead of to the credit of intestate 'and' defendant, does not change the effect of the deposit as one being in the names of both. *Matter of Meehan*, 59 App. Div. 156 (69 N. Y. Supp. 9) ; *McElroy* v. *Savings Bank*, 8 App. Div. 46 (40 N. Y. Supp. 422). The deposit was one within the classification of the statute, made by the intestate in the names of herself 'and another person and in form to be paid to either or the survivor of them.' It would seem, therefore, if any effect is to be given to the direct and explicit language of the statute, this deposit, as the statute provides, thereupon, presumptively at least, became the property of the designated depositors 'as joint tenants,' *i. e.*, as joint owners. * * *

"We think, therefore, that the necessary effect of this provision of the statute is that the single fact, unexplained by other competent evidence, that a deposit in a savings bank in the form in which this deposit was made fixes the respective rights of the depositors named as joint owners of the property with all the incidents attaching to such ownership. * * *

"We conclude, therefore, that the deposit in the bank of the fund in the form in which it was made was sufficient, in the first instance, to establish in this action a joint ownership in the fund with the attendant right of survivorship therein."

This decision was affirmed in the court of appeals, 213 N. Y. 696 (107 N. E. 1075), without opinion.

In *Anson* v. *Savings Bank*, 155 App. Div. 939 (140 N. Y. Supp. 1017), it was held that, where a deposit was made to the credit of either of two persons, either or the survivor to draw, evidence of declarations and oral statements by them, made after the deposit, was admissible to show that it was not intended that they should own the deposit as joint tenants. See, also, *In re Reynolds' Estate*, 163 N. Y. Supp. 803, where the deposit under consideration was held to be governed by section 144 of the banking law of New York, and that the use of the word "or" instead of the word "and" was of no consequence.

We are of opinion that in enacting the legislation in question it was the legislative intent not only to protect banks in the payment of deposits made in the manner indicated by the statute, but, in the first instance and in the absence of competent evidence to the contrary, to actually fix the ownership of the fund in the persons named as joint tenants with the attendant right of survivorship therein.

But, aside from the statute, we think this case is controlled by our decision in *Negaunee National Bank* v. *Le Beau,* 195 Mich. 502 (161 N. W. 974), where it was held that the writing governing the deposit itself indicated on the part of the depositor "the intention to create in his daughter, Sophia Charles, a present estate in the fund * * * in case of his death."

The judgment is affirmed.

KUHN, C. J., and STONE, BIRD, and STEERE, JJ., concurred with BROOKE, J.

FELLOWS, J. (*dissenting*). It is not and cannot be claimed that, independent of the statute in question, joint tenancy in personal property, with the rights of survivorship, obtains in this State. It is undoubtedly true, as stated by some of the New York courts, and as claimed by appellee, that in many instances deposits in the joint names of husband and wife are made by the husband in such a manner as that money may be drawn by either. Eliminating from consideration the statute, the money in such cases is the property of the husband, the wife having no beneficial interest therein, but upon the theory of agency has authority to withdraw the same. This agency, as in other cases, terminates with his death, and the money then goes to his estate. It is undoubtedly true that prior to the passage of the act of 1909 thousands of dollars of deposits had been made in this manner under the then state of the law. The question here is:

Was it the legislative intent to change the title to these thousands of dollars of deposits so held, and if such was the legislative intent could it be made effective under an act, the title to which reads:

"An act in relation to the payment of deposits of money in banks and trust companies by minors, trust deposits, and deposits in the names of more than one person."

The first section of this act deals with deposits of minors and the payment of the same; the second section deals with trust deposits and their payment; the third section is set out in the opinion of Mr. Justice BROOKE, and deals with joint deposits. The concluding portion of section 3 is, to say the least, peculiar if the act has already absolutely fixed the title of such deposits. It is as follows:

"* * * And the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof."

Before this provision the section in terms makes such deposits "the property of such persons as joint tenants."

Outside of the provisions of section 3 here involved, the act shows a legislative intent to protect banks and trust companies in the payment of deposits of the character enumerated and is consistent with its title. Section 21, art. 5, of the Constitution provides in part:

"No law shall embrace more than one object, which shall be expressed in its title."

The purpose of this constitutional provision is well known to the profession. It is that not only members of the legislature, but the public generally, shall have

notice by the title of the act the purpose of the legislation, the subject involved. It was said by Mr. Justice MORSE, speaking for the court in *Brooks* v. *Hydorn,* 76 Mich. 273 (42 N. W. 1122):

"This purpose of the constitutional direction, which has been disregarded in this act, is that the intent of the bill—its object—shall be clearly shown by its title, for the benefit, not only of the members of the legislature who are to vote upon it, but also for the benefit of the people of the State outside of the legislature, who are interested and have a right to be, in all legislation, whether the same be general or special."

See, also, *Blades* v. *Water Com'rs of Detroit,* 122 Mich. 366 (81 N. W. 271); *Grosvenor* v. *Duffy,* 121 Mich. 220 (80 N. W. 19); *McDonald* v. *Township of Springwells,* 152 Mich. 28 (115 N. W. 1066); *Village of Fairview* v. *City of Detroit,* 150 Mich. 1 (113 N. W. 368); *Vernor* v. *Secretary of State,* 179 Mich. 157 (146 N. W. 338, Am. & Eng. Ann. Cas. 1915D, 128); *Shepherd* v. *Judge of Recorder's Court,* 175 Mich. 193 (141 N. W. 556).

Is the title to this act notice to the legislators, and the public generally, who are interested in the subjects of legislation, that the long-established rule that joint tenancy in personal property in this State did not exist, was to be changed in part? Was this notice that the character of the title to thousands of dollars in property was to be changed by legislative mandate? I think not. Clearly one subject was expressed in the title, viz., the payment of deposits in banks and trust companies, not the character of the title of such deposits. To make so radical a change in the law of the State, to my mind, requires some notice by the title that the subject of such change is being considered by the legislature. In so far as this act protects banks and trust companies in their payment of deposits of the character enumerated, I think the act is valid.

In so far as it fixes the character and title of such deposits, I think it offends the constitutional provision above quoted.

Nor do I think the facts in the instant case bring it within the case of *Negaunee National Bank* v. *Le Beau,* 195 Mich. 502 (161 N. W. 974). Here the evidence, at most, only shows an intent to make a gift; there the evidence not only showed an intent, but its execution, so that a gift *inter vivos* was consummated.

For these reasons I dissent from the opinion of Mr. Justice BROOKE. I think the case should be reversed.

MOORE, J., concurred with FELLOWS, J. OSTRANDER, J., did not sit.