LUDWIG *v.* BRUNER.

1. BANKS AND BANKING—JOINT DEPOSITS — SURVIVORSHIP — STATUTES—JOINT TENANCY IN PERSONALTY.

Under Act No. 248, § 3, Pub. Acts 1909 (section 8040, 2 Comp. Laws 1915), money deposited in a bank payable to husband or wife "either or the survivor," on the death of the wife becomes the sole property of the husband.

2. JOINT TENANCY—PERSONAL PROPERTY—SURVIVORSHIP.

Joint tenancy in personal property with its right of survivorship does not exist in this State.

3. SAME—ESTATES OF DECEDENTS—HUSBAND AND WIFE.

Where a husband and wife, on the sale of a farm held by

See note in L. R. A. 1917C, 550.

them by the entireties, took a purchase money mortgage "as joint tenants," the husband as survivor of his wife did not take title to her interest in the mortgage, in the absence of testimony tending to establish a gift *inter vivos* or one *causa mortis*. BIRD, MOORE, and BROOKE, JJ., dissenting.

Appeal from Kalamazoo; Weimer, J.    Submitted January 11, 1918.    (Docket No. 51.)    Decided December 27, 1918.

Bill by Samuel D. Ludwig against Henry W. Bruner, executor of the last will of Sarah E. Ludwig, deceased, to determine the title to a certificate of deposit and a mortgage.    Defendant filed a cross-bill for an accounting.    From a decree for defendant, plaintiff appeals.    Affirmed in part, and reversed in part.

*David Anderson,* for plaintiff.

*W. J. Losinger,* for defendant.

On October 9, 1883, plaintiff purchased a farm in St. Joseph county, Michigan, taking title thereto in his own name.    On January 17, 1885, the title to said farm was placed in "Samuel Ludwig & Sarah E. Ludwig, husband and wife, as joint tenants."    At the time the title to the farm was placed in the names of plaintiff and his wife as tenants by the entireties, Mrs. Ludwig contributed a considerable portion, perhaps more than one-half of the value thereof, which was used to pay off the mortgage thereon.    From January 17, 1885, until December 11, 1914, a period of almost 30 years, plaintiff and his wife lived upon said farm. On the latter date they sold it for $3,500.    Of this sum there appears to have been paid $1,800 in cash and a purchase money mortgage was given by the vendee to the vendors for $1,700.    This mortgage runs to "Samuel Ludwig and Sarah E. Ludwig as joint

tenants." The mortgage was made collateral to a promissory note for the same amount in which the payees are described as in the mortgage. Of the $1,-800 paid in cash, $1,750 was at once deposited in the Kalamazoo County State Bank of Schoolcraft under a certificate made payable to "Samuel or Sarah E. Ludwig, either or the survivor."

On August 30, 1915, Sarah E. Ludwig executed with proper legal formalities a last will and testament by the terms of which she gave, devised and bequeathed all her estate both real and personal to her husband, the plaintiff herein, so long as he should live, with remainder over to her brother, Henry W. Bruner, defendant herein. On September 22, 1915, Sarah E. Ludwig died. Her will was admitted to probate without objection on the part of the plaintiff and a contest immediately arose between plaintiff and defendant, as administrator of Sarah E. Ludwig's estate, as to the ownership of the certificate of deposit and the mortgage described. Plaintiff herein filed his bill in which the foregoing facts were set up and prayed that defendant be required to show by what right or title he claimed any of said securities or personal property. To this bill defendant filed an answer and cross-bill in which he prayed that plaintiff be compelled to account to defendant, as executor of the will of Sarah E. Ludwig, for said securities. The learned circuit judge filed an opinion in the case, by the terms of which the estate of Sarah E. Ludwig was held to be the owner of an undivided one-half of the proceeds of the certificate of deposit and of the mortgage, and a decree was entered in conformity with such opinion. From this decree plaintiff appeals.

FELLOWS, J. (*after stating the facts*). So far as the certificate of deposit is concerned, we must hold that the court was in error, and that the property in

the same rests solely in the plaintiff. There is not sufficient evidence in the case to lead us to conclude that the presumption created by the statute (Act No. 248, § 3, Pub. Acts 1909; 2 Comp. Laws 1915, § 8040) has been overcome. That act is applicable to the instant case. *In re Rehfeld's Estate,* 198 Mich. 249; *People's State Bank* v. *Miller's Estate,* 198 Mich. 783; *Powell* v. *Pennock,* 198 Mich. 573.

Touching the mortgage I think a different situation is presented. There is no testimony establishing or tending to establish a gift *inter vivos* or one *causa mortis.* This court has repeatedly held that in the absence of proof sufficient to establish either a gift *inter vivos* or *causa mortis* the survivor in case of joint title in personal property does not take the entire title by such survivorship. *Wait* v. *Bovee,* 35 Mich. 425; *Luttermoser* v. *Zeuner,* 110 Mich. 186; *Burns* v. *Burns,* 132 Mich. 441; *State Bank of Croswell* v. *Johnson,* 151 Mich. 538. These cases and others which might be cited establish to my mind the doctrine in this State that joint tenancy in personal property with its right of survivorship does not exist. I fully discussed this question in the recent case of *Hart* v. *Hart,* 201 Mich. 207, and shall not here repeat what was there fully considered.

I am impressed that under our decisions, neither by force of the language here employed or by force of the law, did the defendant as survivor of his wife take title to her interest in this mortgage. The doctrine of *stare decisis,* in my judgment, prevents us from holding that the defendant here takes the entire mortgage.

*Wait* v. *Bovee, supra,* was written over 40 years ago. It laid down a rule. It was a rule of property which has been followed by this court without deviation ever since. In the instant case the mortgage runs to the husband and wife "as joint tenants"; in

the case of *State Bank of Croswell* v. *Johnson, supra,* the certificate of deposit was indorsed with a direction to issue a new certificate to the husband and wife "or the survivor of them." Had the argument here advanced by my Brother BIRD been there accepted by this court there would have been no occasion to there consider the questions of fact involved. But this court there declined to deviate in the slightest degree from *Wait* v. *Bovee* and expressly stated:

"Our decisions that the law of survivorship does not apply in the case of joint ownership of personal property does not affect the right of a donor to make a gift to his surviving wife."

—and held that the transaction there involved partook of the nature both of a gift *inter vivos* and of a gift *causa mortis.* In *Burns* v. *Burns, supra,* the deposit originally stood in the name of the husband; by his direction the wife's name was added, the husband saying, "That it was as much her money as it was his money." The money was held to belong to the husband's estate.

I doubt that it may be said to be a matter of common knowledge that many married people in every community are holding their personal property in supposedly joint tenancies. I think it may be a matter of common knowledge that many of them have their savings deposited in banks payable to them or either or the survivor of them, or words of similar purport. The legislature of the State has taken cognizance of this fact and has provided a rule of evidence in such cases. Section 8040, 2 Comp. Laws 1915. But it has gone no farther. If, in legislative wisdom, it should go farther and apply such rule of evidence to personal property generally, affirmative action by that co-ordinate branch of the government should be required. This court should not reverse a rule of property which has been unquestioned for over 40 years,

and under which rights of creditors of decedents have, been protected and no small amount of revenue by way of inheritance taxes has been contributed to the support of the State government.

I think the decree of the court below as to the certificate of deposit should be reversed, and as to the mortgage should be affirmed. Plaintiff should have his costs in this court, but neither party should recover costs of the hearing at the circuit.

OSTRANDER, C. J., and STEERE, STONE, and KUHN, JJ., concurred with FELLOWS, J.

BIRD, J. (*dissenting*). I am in accord with Mr. Justice FELLOWS' conclusion in this case that the certificate of deposit is the sole property of the plaintiff, but I am unable to subscribe to his conclusion that plaintiff owns only an undivided half of the mortgage. It is my opinion that upon the death of his wife the plaintiff, as survivor, became the sole owner of both the bank deposit and mortgage.

The common law recognized joint tenancy in both real and personal property. 1 Cooley's Blackstone (4th Ed.), pp. 180, 399. At common law when a conveyance was made of either real or personal property to two or more persons, it was construed to be in joint tenancy and it was, therefore, necessary in creating an estate in common to use some words indicating such an intention. *Pruden* v. *Paxton*, 79 N. C. 446; 38 Cyc. p. 5. Early in the history of our jurisprudence the legislature reversed this rule as to real estate and provided that a conveyance of real estate to two or more persons should be construed as an estate in common unless expressly declared to be in joint tenancy. And this is the law today. Section 11562, 3 Comp. Laws 1915. Analogous to this legislative rule with reference to real property this court promulgated a like rule with reference to personal property and

refused to construe conveyances of personal property to two or more persons as joint tenancies. *Wait* v. *Bovee*, 35 Mich. 425; *Luttermoser* v. *Zeuner*, 110 Mich. 186. These cases have gone no further, however, than to refuse to recognize joint tenancies in conveyances where there was nothing beyond the designation of the names of the parties to indicate the kind or quality of the estate intended to be conveyed. In *Wait* v. *Bovee* nothing appears in the mortgage aside from the joint names to indicate the nature of the tenancy, and the same is true of the case of *Luttermoser* v. *Zeuner*, although there is some language in the opinion of the latter case which might lead to a different conclusion. The mortgage in that case was offered in evidence but only the following appears in the record:

"Mortgage, ordinary form, given by Fairview Land Company April 12, 1893, consideration $15,470, to Carl Frederick Zeuner and Johanna Rebecca Zeuner, on 19.47 acres of land in Springwells, Wayne County, Michigan." R. & B., June Term, 1896, Docket No. 8, p. 20.

Inasmuch as the question of joint tenancy was involved in those cases I assume if there had been any language of the parties indicating that the mortgage was to be held in joint tenancy, it would have appeared in the record. No case of this court has been called to our attention where it has refused to recognize the right of parties to make such an agreement if they chose, and it has enforced such conveyances of personal property where it was clear from the instrument that it was intended to be owned in joint tenancy. An illustration of this is the late case of *Negaunee National Bank* v. *Le Beau*, 195 Mich. 502. In this case a father made a deposit in a bank for himself and his daughter. The deposit appeared upon the books of the bank in the following form:

"The sum deposited to this account belongs to
  Signature: "EUCHRIST LE BEAU,
          "SOPHIA CHARLES,
jointly: it being understood each may withdraw on his or her individual order during their joint lives, and that any balance upon the death of either shall belong to the survivor.
          (Signed) "EUCHRIST LE BEAU,
          (Signed) "MRS. ED. CHARLES."

The right of the daughter as survivor to take the deposit after the death of her father was contested, and upon reaching this court it was said:

"In this case it is not necessary to predicate determination upon the fact that the passbook prior to the death of Euchrist Le Beau was in possession of the donee and to draw an inference from that possession that the same was given to her in his lifetime with the intention of giving her the fund represented thereby. He had already given her the fund by his unequivocal act at the moment the deposit was made."

An attempt was made to sustain the right of the survivor to take the deposit by force of the provisions of Act No. 248, Pub. Acts 1909, but opposing counsel questioned the constitutionality of that act. The court, however, laid aside this argument, saying:

"It is asserted by appellant that said statute, if applicable, is unconstitutional for various reasons assigned. Without casting any doubt upon the validity of the legislation in question and following our usual practice, we decline to construe this phase of the question, *being able to reach a determination of the issue involved upon other grounds.*"

The right of the survivor to take the deposit was sustained and upon no other theory than that she was a joint tenant with her father and took the deposit as survivor. The daughter stood in the same relation to the deposit that plaintiff does to the mortgage in question. If the entire deposit was hers as survivor the plaintiff is sole owner of the mortgage as survivor. See *In re Rehfeld's Estate,* 198 Mich. 249.

It is within the knowledge of nearly every practitioner that many married people in every community are holding their personal property as well as their real estate, as they think, in joint tenancy to avoid the trouble and expense of probating their estates. I am unable to see any valid reason why such an agreement should not be enforced by this court where it appears upon the face of the conveyance that such was the intention of the parties. There is no statute prohibiting it, neither is there any rule of construction which has been followed by this court which would make such a holding inconsistent. Our court has simply refused to recognize the common-law rule in the creation of a joint estate in personal property, namely, that a simple conveyance of personal property to two or more persons creates an estate in joint tenancy, but the right of the parties themselves to create the relation by express words has never been denied, and is upheld by this court in *Negaunee National Bank* v. *LeBeau, supra.*

In other States where the common-law rule has been abrogated, as here, joint tenancy with its incident of survivorship is recognized where the parties themselves have provided for it. Joint tenancy has been abolished in the State of Georgia, but it is held that the doctrine will be recognized where it is created by act of the parties. In the case of *Equitable Loan & Security Co.* v. *Waring,* 117 Ga. 599 (62 L. R. A. 93, 44 S. E. 320), where a like question is discussed, it is said:

"While the doctrine of survivorship as applied to joint tenancies has been distinctly abolished and does not exist in this State, there is no law of this State that we are aware of which prevents parties to a contract, or a testator in his will, from expressly providing that an interest in property shall be dependent upon survivorship. Of course, all presumptions are against such an intention; but where the contract or will provides, either in express terms or by necessary impli-

cation, that the doctrine of survivorship shall be recognized, we know of no reason why a provision in the contract or will dependent upon such a doctrine may not become operative under the laws of this State. * * * In Georgia the mere creation of the estate in two or more persons never draws to it survivorship as an incident, and the presumption is in all cases that survivorship was not intended. But where, by express terms or necessary implication, a survivorship is provided for, the law of Georgia allows it to exist. This exact question has been passed upon in other States having statutes abolishing the doctrine of survivorship as applied to joint tenancies. In *Arnold* v. *Jack's Ex'rs*, 24 Pa. St. 57, the supreme court of Pennsylvania held that, though survivorship as an incident to joint tenancies had been abolished in that State, it might be expressly provided for by will or deed; Knox, J., in the opinion saying:

"'But conceding that the right of survivorship as an incident of a joint tenancy, no matter how created, is gone, it by no means follows that this right may not be expressly given, either by a devise in a will or by grant in a deed of conveyance. It may cease to exist as an incident and yet be legally created as a principal.' Citing authorities.

"In the case of *Taylor* v. *Smith*, 116 N. C. 531 (21 S. E. 202), the supreme court of North Carolina held that the act abolishing survivorship in estates in joint tenancy did not prohibit contracts making the right of the parties dependent on survivorship. In the opinion Avery, J., said:

"'The act of 1784 abolishes survivorship where the joint tenancy would otherwise have been created by the law, but does not operate to prohibit persons from entering into written contracts as to land, or verbal agreements as to personalty, such as to make the future rights of the parties depend upon the fact of survivorship.'"

I think the decree should be reversed and plaintiff should be declared to be the sole owner of the bank deposit and mortgage. See, also, 17 Am. & Eng. Enc. Law (2d Ed.), p. 650, and cases cited. Plaintiff is entitled to his costs in this court.

Moore and Brooke, JJ., concurred with Bird, J.