*In re* TAYLOR'S ESTATE.

TAYLOR *v.* TAYLOR.

1. BANKS AND BANKING—JOINT DEPOSITS—SURVIVORSHIP—STATUTES—PRESUMPTIONS.

Section 3, Act No. 248, Pub. Acts 1909 (2 Comp. Laws 1915, § 8040), providing that deposits in bank in joint name should be paid to the survivor, is valid, and, in the absence of competent evidence to the contrary, the presumption created by the statute is sufficient to establish the title to the deposit in the survivor.

2. EVIDENCE—ORAL TESTIMONY—LETTER OF INSTRUCTIONS—BANKS AND BANKING.

In proceedings involving the ownership of a bank account in joint names of deceased and wife, testimony of the bank cashier to oral instructions from decedent to so place his bank account, in addition to the letter of instructions to the bank from decedent, which was received in evidence, was admissible, the rule that parol evidence may not be received to vary a written instrument not being applicable, since said letter was not a contract in any sense.

3. BANKS AND BANKING—JOINT DEPOSITS—EVIDENCE—DIRECTED VERDICT.

Undisputed testimony of a bank cashier that decedent orally instructed him to so place his bank account that it would be payable to the survivor of himself and wife confirmed the presumption established by the statute and rendered the question of the ownership of said deposit one of law for the court.

4. GIFTS—INTER VIVOS—EVIDENCE—SUFFICIENCY.

Undisputed testimony by witness that decedent told her to count the money taken in in his business, and deposit it in the bank for his wife, which was done, and, when so informed, he said "all right," *held*, sufficient to establish a gift *inter vivos*.

5. TRIAL—EVIDENCE—DIRECTED VERDICT.

Where an automobile and a launch were in the possession of

213—Mich.—32.

the widow, and there was no evidence that deceased husband ever made any claim to them in his lifetime, there was no evidence to justify the submission of the question of ownership to the jury.

Error to Muskegon; Williams (Benjamin), J., presiding. Submitted January 4, 1921. (Docket No. 18.) Decided March 30, 1921.

Harry A. Morris presented his first annual account as administrator of the estate of James C. Taylor, deceased. The account was allowed in the probate court, and Henry B. Taylor and William P. Taylor appealed to the circuit court. Judgment sustaining probate order on a directed verdict. Defendants bring error. Affirmed.

*R. J. MacDonald* and *James E. Sullivan*, for appellants.

*Oscar E. Waer*, for appellee.

This is a companion case to *Taylor* v. *Taylor*, 206 Mich. 73. In that case the transfer of certain real estate by decedent James C. Taylor was involved. Here the questions arise on the settlement of the account of the administrator of his estate. Without repeating all the facts there enumerated but stating only such as have a bearing on the present case, it should be said that deceased had for some time been engaged in the saloon and hotel business at Muskegon Heights; defendant Anna G. Taylor is his widow. They had no children. He was a stockholder and director of the first State Savings Bank of Muskegon Heights. Upon his death it was learned that there was on deposit in this bank $8,542.28 under the following entry on the books of the bank: "James C. Taylor and Anna G. Taylor (wife). Joint account to be

paid to either or the survivor of them—Sec. 3—Act 248—1909." There was also found to be deposited in this bank $1,802.50 in a savings book in the name of defendant. These items were placed in the inventory of the estate as was an automobile worth $900, together with a launch worth $250, but none of these four items was reduced to possession by the administrator. The money was so placed in the inventory, according to the testimony of the administrator, "so that they would know that it was around some place and they could fight it out, and they are fighting it out. I wanted to make a record of it." This seems to apply equally to all the items now involved. It does not appear that the administrator ever claimed that any of the property here involved belonged to the estate, although it would appear that he claimed and reduced to his possession considerable other personal property, as the personal property in the inventory amounted to $26,554.89. The four items above mentioned were claimed by the widow, while two brothers of deceased insisted they belonged to the estate and that the administrator should account for them. This question was first tried out in the probate court which found that the property belonged to the widow and therefore should not be charged to the administrator, and settled the account accordingly. From this order of the probate court the brothers appealed. Since the appeal to the circuit the brother William P. died and his executrix and the brother Henry B. continue the litigation. They will be hereafter referred to as the appellants.

FELLOWS, J. (*after stating the facts*). We shall consider the items involved under three heads:

(1) The deposit of $8,542.28.
(2) The deposit of $1,802.50.
(3) The automobile and launch.

At the close of the appellants' testimony a verdict was directed for the defendant upon all of these items and the main questions in the case revolve around the correctness of these rulings.

1. Section 3, Act No. 248, Public Acts 1909 (2 Comp. Laws 1915, § 8040), provides:

"When a deposit shall be made in any bank or trust company by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be valid and sufficient release and discharge to said bank for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof."

We have had occasion to consider the provisions of this section. See *In re Rehfeld's Estate*, 198 Mich. 249; *Powell* v. *Pennock*, 198 Mich. 573; *People's State Bank* v. *Miller's Estate*, 198 Mich. 783; *In re Sadler's Estate*, 201 Mich. 281; *Ludwig* v. *Bruner*, 203 Mich. 556. In *Wayne County & Home Savings Bank* v. *Smith*, 194 Mich. 151, we held this statute was not applicable to the case before us, and in *Negaunee National Bank* v. *LeBeau*, 195 Mich. 502 (L. R. A. 1917D, 852), we found it unnecessary to determine its validity. In *Re Rehfeld's Estate*, *supra*, its validity was upheld and it was said:

"We are of opinion that in enacting the legislation in question it was the legislative intent not only to protect banks in the payments of deposits made in the manner indicated by the statute, but, in the first in-

stance and in the absence of competent evidence to the contrary, to actually fix the ownership of the fund in persons named as joint tenants with the attendant right of survivorship therein."

And in *Ludwig* v. *Bruner, supra,* when considering the money in the bank which was a joint deposit, we said:

"There is not sufficient evidence in the case to lead us to conclude that the presumption created by the statute (Act No. 248, § 3, Public Acts 1909; 2 Comp. Laws.1915, § 8040) has been overcome."

It must, therefore, be regarded as settled by the former decisions of this court that the section is a valid one, and that in the absence of competent evidence to the contrary the presumption created by it is sufficient to establish the title to the deposit in the survivor. The infirmity in the argument of appellants' counsel lies in the fact that it is bottomed on language found in the prevailing opinion in *Ludwig* v. *Bruner, supra,* which was used when we were there considering the item of the mortgage and which had no reference to the deposit in the bank. In the instant case a bank deposit alone is involved in this item. An examination of that case will disclose that two items were there involved: one a joint bank deposit, and the other a mortgage. The entire court agreed that the bank deposit went to the survivor, and a majority of the court agreed that the mortgage did not. Obviously language used by the court when discussing the mortgage was not and is not applicable to a deposit made under the provisions of the act.

As applied to the instant case it was competent for the appellants to rebut the presumption created by the statute by showing that the deposit in the bank was placed in the joint names of deceased and his wife without authority from deceased so to do. They called as a witness Mr. Morris, cashier of the bank and ad-

ministrator of the estate of decedent, and had him identify a paper signed by Mr. Taylor in his lifetime. It was as follows:

"February 27, 1917.

"FIRST STATE SAVINGS BANK,
      "Of Muskegon Heights.

"*Gentlemen:* I wish my account in your bank to be placed in the joint names of myself and wife, Anna Taylor, and hereby authorize you to make proper entries in your bank to accomplish said purpose.

(Signed) "JAMES C. TAYLOR.

"In presence of:
      "Mrs. M. FOLEY."

Upon cross-examination of this witness defendant's counsel was permitted over objection of appellants to prove that the witness had further and other instructions from Mr. Taylor with reference to the bank deposit. This is assigned as error and appellants, to support their contention, invoke the rule that parol evidence may not be received to vary a written instrument. We think that rule is not applicable here. The paper before us is not a contract in any sense; at most it is but a letter of instruction to the bank. That decedent orally gave instructions to the cashier in greater detail so as to authorize the deposit in the form it was found was a proper subject of inquiry. See *Anson* v. *Savings Bank,* 155 App. Div. 939 (140 N. Y. Supp. 1017), cited by us in *Re Rehfeld's Estate, supra.* There is much force in the contention of defendant's counsel that the letter of instruction alone was sufficient to authorize the entry made by direction of the cashier in the books of the bank. Mr. Taylor directed the bank account to be placed in the joint names of himself and wife and authorized the making of proper entries to accomplish such purpose. But we do not find it necessary to rest decision on this alone. Mr. Morris testified in substance as follows: He had two interviews with deceased on the same day and shortly

before his death.   Mr. Taylor had a farm, the title to which stood in the name of himself and his wife as tenants by the entirety, so that the survivor would take the title; he wanted the hotel property and the bank deposit fixed in the same way.   The deed to the hotel property was before us in *Taylor* v. *Taylor, supra,* and was sustained by us.   At the same time it was executed Mr. Taylor signed the letter of instruction to the bank.   The cashier, pursuant to it and the more detailed oral instructions, made the change upon the books of the bank.   Mr. Morris' testimony was in no way disputed.   It confirmed the presumption of the statute, and being undisputed made the question one of law for the court.   There was no error in directing a verdict for the defendant as to this item.

2. The appellants called as a witness a niece of Mrs. Taylor, who was at the home of deceased during his sickness.   She testified that the living rooms of Mr. and Mrs. Taylor were over the saloon; that the money taken in at the saloon was brought upstairs and put in a drawer; that deceased requested her to "count the money in the drawer and put it in the bank for Anna."  That she did so, the amount being $1,802.50, the item under consideration; she testified that she took the money to the bank and deposited it as directed by deceased in the name of defendant; that when she returned she informed Mr. Taylor what she had done and he said, "All right."   This was all the testimony on the subject of this item.   It established a gift *inter vivos*, and the trial judge was right in so holding.

3. The record is barren of any evidence that deceased in his lifetime owned an automobile or a launch.   From what the record does contain we may infer, if anything on the subject may be inferred, that the widow has in her possession an automobile and launch which she claims to own.   There is no testimony in the record that they were ever claimed by decedent in

his lifetime. Upon this state of the record the trial judge was correct in holding that the evidence did not justify the submission of the question of ownership of the automobile and launch to the jury.

There is no evidence in the record justifying the submission of the question of decedent's mental capacity to the jury. The trial judge correctly disposed of the case.

The judgment is affirmed.

STEERE, C. J., and MOORE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.