SOPHIA WEIL, ADMINISTRATRIX, ESTATE OF JOSEPH WEIL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18960. Promulgated March 20, 1929.

*Gaylord N. Bebout, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

966

OPINION.

ARUNDELL: In the stipulation of facts filed herein the respondent confessed error in including as a part of decedent's gross estate the amount of $155,397.56 representing the value of certain real estate acquired by decedent and his wife as tenants by the entirety prior to November 23, 1921, and the amount of $9,046.20 in a joint bank account at the time of decedent's death in the Wayne County & Home Savings Bank. In accordance with this stipulation these amounts should be deducted from the gross estate of the decedent.

This leaves for disposition only the question of whether or not there should be included in decedent's gross estate the value of real estate acquired after November 23, 1921 (the effective date of the Revenue Act of 1921), and the amount on deposit in the joint bank account in the Detroit Savings Bank.

It is established by the decision of the courts of Michigan that the common law doctrine of estates by the entirety exists in that State. *Appeal of Lewis*, 85 Mich. 340; 48 N. W. 580; *Hoyt v. Winstanley*, 221 Mich. 515; 191 N. W. 213.

We have heretofore held that in States where the common law doctrine of the estates by the entirety obtains, upon the death of either spouse, there is no transfer of interest or estate to the survivor, and therefore nothing upon which to impose a tax, even though the estate was acquired after the passage of the taxing act, which in this case is the Revenue Act of 1921. *Susie M. Root, Executrix*, 5 B. T. A. 696; *James C. Murphy et al., Executors*, 5 B. T. A. 952. Respondent reversed.

Section 3, Act 248 of the Public Acts of Michigan (Section 8040 of Compiled Laws of Michigan, 1915), reads as follows:

When a deposit shall be made in any bank or trust company by any person in the name of such depositor or any other person and in form to be paid to either or the survivor of them, such deposits thereupon, and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all

interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them. * * *

It is well settled in Michigan that the deposit of funds in a bank in the manner indicated by the statute creates a joint tenancy, with the right of survivorship therein. *In re Rehfeld's Estate*, 198 Mich. 249; 164 N. W. 372; *In re Taylor's Estate*, 213 Mich. 497; 162 N. W. 101, and cases cited.

In the case of *Murphy* v. *Michigan Trust Co.*, 221 Mich. 243; 190 N. W. 698, husband and wife had a joint bank account payable to either or the survivor. It was said in the opinion:

It is true that such incident of unity of person is the only addition to a joint tenancy necessary to create a tenancy by entireties. But, even where the unity of person exists, a joint tenancy may be created. Under the terms of the deposits were plaintiffs each seized by an undivided moiety of the whole or by entireties? The words "payable to either" do not square with the idea of a tenancy by entireties, but do pointedly relate to a joint tenancy. If plaintiffs held the deposits as tenants by entireties, the same could not be paid to either during the lifetime of both, but, if they held as joint tenants, the deposits were "payable to either."

The decision further holds that " as joint tenants the ownership of Mr. Murphy is severable for the purpose of meeting the payments of creditors."

In the case of *Susie M. Root, supra*, the incidents of tenancies by the entirety were fully discussed and some of the differences between estates of that kind and joint tenancies were pointed out. Aside from the fact that joint tenancies may exist between others than husband and wife, there are other vital differences between these two classes of estates.

Petitioner contends that no part of the joint bank account should be included in the gross estate of decedent and relies upon the case of *Carter* v. *English*, C. C. A., Ninth Circuit, 15 Fed. (2d) 6. That decision holds that under the Revenue Act of 1916 no part of property jointly held should be included in the gross estate of the deceased joint tenant. It rests on two grounds. First, that under *Gurnsey's Estate*, 177 Cal. 211; 170 Pac. 402, jointly held property does not pass to the survivor upon the death of his cotenant but that it "remains" to him under the original grant. Second, that the joint estate having been created prior to the enactment of the taxing act, under the principle of *Shwab* v. *Doyle*, 258 U. S. 529, it should not be retroactively applied.

In the present case we have no question of the retroactive application of the taxing act, as the joint account was created after the passage of the Revenue Act of 1921 and the death of one of the cotenants occurred while that Act was still in force. The effect of the

other ground on which *Carter* v. *English* rests is to hold that joint tenancies are the same as tenancies by the entirety, at least with respect to the manner in which the survivor takes. Such may be the law of California, but if we read the cases aright it is not the law as generally recognized and is not the law of Michigan.

First, as to the manner of holding. In joint tenancies the tenants take by moieties and at the same time each is seized of an undivided part of the whole, *Stifel's Union Brewing Co.* v. *Saxy*, 273 Mo. 159; 201 S. W. 67; such a tenancy implies a seisin *per my et per tout.* *Appeal of Lewis*, 85 Mich. 340; 48 N. W. 580; *Way* v. *Root*, 174 Mich. 418; 140 N. W. 577, 580.

Second, a joint tenant has the legal right of severance. *United States* v. *Robinson*, 183 Fed. 711, certiorari denied, 220 U. S. 616; *Robinson* v. *Codman*, 20 Fed. cases No. 11970. The law of Michigan is stated in *Midgley* v. *Walker*, 101 Mich. 583; 60 N. W. 296, as follows:

There can be no doubt but that the joint estate may be severed by the act of the parties, by a conveyance by either party, by partition under How. St. § 7850, or by a levy and sale upon an execution against one of the parties. Either tenant may convey his share to a tenant or to a stranger. I Washb. Real Prop. (5th Ed.) 680; 4 Kent. Comm. 363. Each has the power of alienation over his aliquot share, and of charging it with his individual debts, and the joint tenants may sever the tenancy voluntarily by deed, or compel a partition. * * * The interest of either is subject to levy and sale on execution.

We come to what, for our purposes, is the most important of the distinctions between the two classes of ownership, that is the matter of what transpires with respect to the property upon the death of one tenant. In the entirety cases heretofore decided by the Board and the courts it has been held that there was no transfer and hence no tax. This is upon the theory that the tenants each being seized of the entirety, *per tout et non per my*, upon the death of one "the whole remained to the survivor under the original grant," *Hunt* v. *Blackburn*, 128 U. S. 464; that is to say, that "the survivor succeeds to the whole not by right of survivorship simply, as is the case with joint tenants, but by virtue of the grant which vested the entire estate in each grantee," *Stifel's Union Brewing Co.* v. *Saxy*, *supra*. Or, as held in *Webber* v. *Webber* (Mich., Dec. 22, 1921), 185 N. W. 761, upon the death of one tenant, the survivor "did not take the property in any sense as a new acquisition; that event freed her estate therein from all possibility of participation by any one." Upon the death of one, the survivor, being already seized of the whole, can acquire no new or additional interest by virtue of his survivorship. *Sharpe* v. *Baker*, 51 Ind. App. 547; 96 N. E. 627.

In the case of a joint tenancy, upon the death of one tenant "his moiety goes to the survivor by the *jus accrescendi*, or right of survivorship (*Sharpe* v. *Baker*, *supra*). This distinction between the two kinds of estates is clearly set forth in the Circuit Court of Appeals decision in *United States* v. *Robinson*, *supra*, in these words:

Survivorship is a characteristic of both. In estates by the entirety the title of each is to the whole, and from this it inevitably follows that no adverse act of the one can destroy the right of survivorship in the other. When the one dies, the other takes nothing by a new title of survivorship; he merely ceases to divide the enjoyment of an estate of which he was completely seized by virtue of the creative instrument. 21 Cyc. 1198, 1199, title "Husband and Wife"; Freeman on Cotenancy (2d Ed.) §§ 63–76; Preston on Estates, p. 131. But in joint tenancy, the title is to a share only. If, during the continuance of the joint tenancy, the one dies, the survivor comes into the whole. *But since the creative instrument gave him title to his own share only, it follows that he acquires the other share by the new title of survivorship.* And since the creative instrument confers upon the one only a title to his own share, he has no lawful basis for interposing obstacles to the other's enjoyment of his unconditional title to his share. Incidents of enjoyment of an unconditional title are sale, mortgage, lease, partition. So, if the one puts a stranger in his place, the original unities of title, of interest, of possession, of enjoyment, and of the right of survivorship in the possessors, are all destroyed. If survivorship occurs it is because the decedent failed to exercise his legal right of severance. *If survivorship occurs, the survivor by the death of the other for the first time acquires a title and right of enjoyment in the decedent's share.* (Italics ours.)

This decision establishes clearly that upon the death of one of the two joint tenants there is a transfer of his moiety to the survivor, or, to follow the language of *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 271, "there is a shifting of the economic benefits and burdens of property, which is the subject of a succession tax." The *Saltonstall* decision was held in *Chase National Bank* v. *United States*, 49 Sup. Ct. 126, to be applicable under the Revenue Act of 1921.

The Michigan case of *Murphy* v. *Michigan Trust Co.*, *supra*, which involved a joint bank account such as we have here, holds that:

In the absence of proof establishing their contributions or deposits, the presumption prevails that plaintiffs were equal contributors thereto, and therefore equal owners.

Applying this rule to the present case, there being no evidence as to the amount contributed by either party, one-half of the joint bank account should be included in the gross estate of the decedent, and the respondent erred in including any sum in excess of one-half of the amount on deposit at the date of decedent's death.

*Judgment will be entered under Rule 50.*