HERBERT D. ROBINSON, EXECUTOR, ESTATE OF BERNARD WURZBURGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34683. Promulgated January 27, 1931.

*Frederick L. Pearce, Esq.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

OPINION.

SMITH: The first contention of the petitioner is that there should not be included in the value of the gross estate of the decedent any

ámount representing the value of property held by the decedent and his wife at the date of death as tenants by the entirety. This issue is disposed of adversely to the contentions of the petitioner upon the authority of *Ada M. Slocum, Executrix*, 21 B. T. A. 169; *Pennsylvania Co. for Insurances on Lives, etc.*, 21 B. T. A. 176; and *Elizabeth Putnam, Executrix*, 21 B. T. A. 205. In accordance with those decisions the action of the respondent in including in the value of the gross estate the total fair market value of the property held by the decedent and his wife as tenants by the entirety is sustained.

The second point in issue is whether all or only one-half of the values of two mortgages owned by the decedent and his wife at the date of his death should be included in the gross estate. One of these mortgages was payable to the decedent and his wife or to the survivor of them, and the other was payable to the decedent and his wife. The total fair market value at the date of the death of decedent was in one case $2,362.41, with accrued interest of $2.30, and in the other case $3,000, with accrued interest of $77.29. The respondent contends that the entire amount of these mortgages should be included in the gross estate. The petitioner contends that only one-half of said amounts should be included in the gross estate.

The pertinent statutes contained in volume 3, Compiled Laws of Michigan, 1915, are as follows:

(11561) SEC. 43. Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of which, respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter.

(11562) SEC. 44. All grants and devises of lands, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

(11563) SEC. 45. The preceding section shall not apply to mortgages, nor to devises or grants made in trust, or made to executors, or to husband and wife.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(13855) SEC. 11. When any mortgage of real estate, or any assignee of such mortgage, shall die without having foreclosed the right of redemption, all the interest in the mortgaged premises conveyed by such mortgage, and the debt secured thereby, shall be considered as personal assets, in the hands of the executor or administrator; \* \* \*

These provisions of law appear to have been unchanged since the compilation of the laws of Michigan of 1857.

Joint tenancies are not favored by the courts of Michigan, but are permitted. *In re Blodgett's Estate*, 197 Mich. 455; 163 N. W. 907. In *Hart* v. *Hart*, 201 Mich. 207; 167 N. W. 337, it was stated:

In the case of *Luttermoser* v. *Zeuner*, 110 Mich. 186, 68 N. W. 117, the question again arose. The property involved was a mortgage, then and now (but not in earlier days) considered personal property. The mortgage ran jointly

to Carl Frederick Zeuner, the defendant, and Johanna Rebecca Zeuner. They were husband and wife. The action was brought by Mrs. Zeuner's executor against the surviving husband for one-half of the proceeds of the mortgage which had been collected by him. It was held that he was entitled to recover; this court, speaking through Chief Justice Long, saying:

"The executor of the estate of Johanna Rebecca Zeuner was not made a party to the chancery proceeding, but defendant contends that at her death the title to the mortgage passed to him as survivor. Counsel is in error in this contention. During the life of Mrs. Zeuner, one-half of the mortgage was her sole property. It is claimed that the mortgage as drawn expressly declared a title in the husband and wife in joint tenancy; that each held an undivided one-half interest therein. At the death of Mrs. Zeuner, the title to her one-half was vested in the executor of her estate for the benefit of any creditors and her heirs at law. *Wait* v. *Bovee*, 35 Mich. 425; *In re Albrecht*, 136 N. Y. 91 [32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700]. This being so, and the executor not having been made a party defendant in the chancery suit, the court below was not in error in directing verdict and judgment in favor of the plaintiff."

\* \* \* \* \* \* \*

From an examination of the authorities we conclude that it is the fixed and settled law of this jurisdiction that the right of survivorship does not attach, as matter of law, to personal property held in joint ownership, nor that bequests to two or more persons by operation of law pass to the survivor; in other words, joint tenancy, in personal property, with its right of survivorship, does not obtain in this jurisdiction. The authorities from other jurisdictions are in hopeless conflict. \* \* \*

In *Ludwig* v. *Brunner*, 203 Mich. 566; 169 N. W. 890, it was stated:

\* \* \* This court has repeatedly held that, in the absence of proof sufficient to establish either a gift into vivos or causa mortis, the survivor in case of joint title in personal property does not take the entire title by such survivorship. *Wait* v. *Bovee*, 35 Mich. 425; *Luttermoser* v. *Zeuner*, 110 Mich. 186, 68 N. W. 117; *Burns* v. *Burns*, 132 Mich. 441, 93 N. W. 1077; *State Bank of Croswell* v. *Johnson*, 151 Mich. 538; 115 N. W. 464. These cases, and others which might be cited, establish to my mind the doctrine in this state that joint tenancy in personal property with its right of survivorship does not exist. I fully discussed this question in the recent case of *Hart* v. *Hart*, 201 Mich. 207, 167 N. W. 337, and shall not here repeat what was there fully considered.

Since under the laws of Michigan and under the decisions of its courts the decedent and his wife were tenants in common in respect of the mortgages herein involved, only one-half of each should be included in the value of the gross estate of the decedent.

The final question for decision is whether any portion of the deposit in the Peoples State Bank of Detroit, Mich., standing in the joint names of the decedent and his wife, payable to both or either or the survivor at date of decedent's death and amounting to $11,355.19, should be included in the gross taxable estate and, if any part, how much. The respondent has included the entire amount, since the evidence before him did not show that the wife had contributed any portion of the deposit or that any portion of the deposit

originally belonged to her.  The Board has no more information upon this point than the respondent had in making his determination.  The petitioner, relying upon the decision of the Board in *Sophia Weil*, 15 B. T. A. 965, contends that at most only one-half of the deposit may be properly included in the value of the gross estate.

The provisions of law applicable to the issue under discussion are contained in section 302 of the Revenue Act of 1924, which, so far as material, read as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*       \*       \*       \*       \*       \*       \*

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or, deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth : *Provided*, That where such property or any part thereof, or part of the consideraton with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person : *Provided further*, That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, or, where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants;

\*       \*       \*       \*       \*       \*       \*

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests. rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

## Section 3, Act 248 of the Public Acts of Michigan (sec. 8040 of Compiled Laws of Michigan, 1915), reads as follows:

When a deposit shall be made in any bank or trust company by any person in the name of such depositor or any other person and in form to be paid to either or the survivor of them, such deposits thereupon, and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them. \*  \*  \*

The purpose of the legislature in enacting section 3 of Act 248 of the Public Laws of Michigan was not only to protect banks, but also to actually fix ownership of the fund deposited in the banks in persons named as joint tenants, with attending right of survivorship therein. *In re Sadler's Estate*, 201 Mich. 281; 167 N. W. 861. By this statute the ownership of the fund is fixed and becomes property of the designated persons as joint tenants. *In re Rehfeld's Estate*, 198 Mich. 249; 164 N. W. 372. Cf. *In re Taylor's Estate*, 213 Mich. 497; 162 N. W. 101, and cases cited therein.

In *Sophia Weil, supra*, we stated:

The Michigan case of *Murphy* v. *Michigan Trust Co.*, *supra*, [221 Mich. 243: 190 N. W. 698], which involved a joint bank account such as we have here, holds that:

" In the absence of proof establishing their contributions or deposits, the presumption prevails that plaintiffs were equal contributors thereto, and therefore equal owners."

Applying this rule to the present case, there being no evidence as to the amount contributed by either party, one-half of the joint bank account should be included in the gross estate of the decedent, and the respondent erred in including any sum in excess of one-half of the amount on deposit. at the date of decedent's death.

An inspection of section 302 (e) of the taxing statute shows that the statute requires the inclusion in the gross estate of the total value of property held by the decedent and another as joint tenants, " * * * except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth * * *."

Upon reconsideration of this question we are of the opinion that the presumption raised by the decisions of the Michigan courts does not *show* that any portion of the joint estate originally belonged to the survivor. The presumption indulged in by the Michigan courts is of no controlling force in the administration of the Federal taxing statute. A presumption of a fact is not a showing of a fact. To avoid misunderstanding in future, the ruling made by the Board in *Sophia Weil, supra*, relative to the presumption of fact is definitely overruled.

Under the taxing statute the total value of property jointly owned by a decedent and another at the date of death is required to be included in the value of the gross estate, except such portion thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by such other person from the decedent for less than a fair consideration in money or

money's worth. Cf. *Rita O'Shaughnessy*, 21 B. T. A. 1046. Since the Board is without any evidence that any part of the deposit in the Peoples State Bank of Detroit, Mich., was contributed by or originally belonged to the survivor, the action of the respondent in including the total amount of the deposit in the gross estate of the decedent is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*