**SCHRAGE v. SCHRAM et al.**

Civ. No. 2354.

District Court, E. D. Michigan, S. D.

July 31, 1941.

Ernest D. O'Brien, of Detroit, Mich., for plaintiff.

Frank C. Cook and John P. O'Hara, both of Detroit, Mich., for defendants executors.

Robert S. Marx and Lawrence I. Levi, Thomas L. Conlan, all of Detroit, Mich., for defendant receiver.

LEDERLE, District Judge.

Findings of Fact.

1. The parties have stipulated in detail the facts which they deem material in this case. This stipulation has been fully considered by the court and is hereby adopted as part of these findings of fact.

2. Briefly, this suit involves a controversy as to whether B. C. Schram, receiver engaged in winding up the affairs of First National Bank-Detroit, an insolvent national banking association, shall pay the balance of savings deposit claim number 3—19713 to plaintiff or to the executors of the estate of Sophia Petz, deceased, who appear herein as defendants and as cross-claimants to such fund. Defendant receiver is retaining the fund as a mere stakeholder.

3. On November 5, 1925, Sophia Petz opened the account in question, number

374,929, with defendant bank, using therefor $10,698.74 of her own money. This account was opened in the names of Sophia Petz or Elizabeth Pulte Schrage (plaintiff), in form to be paid to either or the survivor of them, and its designation was never altered. No money was ever deposited therein nor withdrawn therefrom by plaintiff herself.

4. Plaintiff does not appear to have had anything to do with the opening or continuing of the account up to February 11, 1933, when the bank closed. Thereafter, one withdrawal was made upon the sole order of Sophia Petz. A power of attorney was subsequently signed by both plaintiff and Sophia Petz, authorizing the defendant receiver to pay dividends on this deposit claim to one Bertha DeWitt. Thereafter, four dividends were paid by defendant receiver on this deposit claim, the first and fourth under said power of attorney, the second and third being applied to the individual indebtedness which Sophia Petz owed to said defendant receiver.

5. Thereafter, Sophia Petz died, defendants Arthur A. Schrage and Chris Berg were appointed executors of her estate, and this dispute as to ownership of the balance of this deposit claim arose.

6. The signature card for the account in question was signed by Sophia Petz at the time she opened the account. It was never signed by plaintiff.

7. Defendant executors contend that the facts that plaintiff did not (a) sign the bank signature card, (b) make any deposit in the account, and (c) make any withdrawal from the account, disprove and overcome a presumption that the account was a joint account and payable to the survivor. With this contention I disagree.

## Conclusions of Law.

■ 1. District Courts of the United States have jurisdiction of cases for winding up the affairs of national banking associations, which includes this case. 28 U.S.C.A. § 41 (16); Dinan v. First Nat. Bank, 6 Cir., 117 F.2d 459, appealed from this court.

■ 2. When a deposit is made in the name of the depositor or any other person, and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons prima facie become the property of such persons as joint tenants, payable to either during the lifetime of both or to the survivor after the death of one of them. Sec. 12063, Comp.Laws of Mich. for 1929; amended 1937 Pub.Acts of Mich. No. 286.

■ 3. The facts in this case do not indicate that the deceased did not intend plaintiff to have a joint interest in praesenti in the account nor do they rebut the prima facie showing that the survivor was to have the balance. The account in question is one within the meaning of the Michigan statute above cited, and plaintiff is entitled to the balance of the account, as survivor. In re Rehfeld's Estate, 198 Mich. 249, 164 N.W. 372; Meigs v. Thayer, 289 Mich. 680, 287 N.W. 342; Van't Hof v. Jemison, 291 Mich. 385, 289 N.W. 186; Ludwig v. Bruner, 203 Mich. 556, 169 N.W. 890; Frank v. Schultz, 295 Mich. 714, 295 N.W. 374.

4. The three cases cited by defendants and cross-plaintiffs have been examined, and the following seems to be the situation in regard thereto:

In Esling v. City National Bank, 278 Mich. 571, 270 N.W. 791, there was no intent to create a present interest in the account and consequently no joint account within the meaning of the statute because the depositor, who later withdrew the deposit during her lifetime, had expressly directed at the opening of the account that the other party named in the account was only to receive the proceeds at the time of depositor's death. This depositor's case was further bolstered by coming within another provision of the deposit statute relative to notice to the bank not to pay the account in accordance with its terms.

The case of Campbell v. Schram, Law No. 14828, this court, was never heard on its merits, but was dismissed for want of prosecution.

In Rasey v. Currey's Estate, 265 Mich. 597, 251 N.W. 784, the depositor, who placed the name of the second party on the account, survived the second party, and was entitled to the account as survivor in any event, although the case goes further and points out affirmative evidence to the effect that the depositor did not intend a gift in praesenti of a joint interest in the account at the time it was opened.

The definitions of the nature of bank deposits generally, quoted by defendants from 7 Am.Juris., page 286, do not, of course, re-

908

late to the statutory matter under consideration.

5. A judgment shall be entered herein, dismissing the cross-complaint of defendant executors and directing defendant receiver to pay the balance of said deposit claim to plaintiff as the rightful sole claimant, with costs taxable against defendant executors.