Graves, J.:
This controversy is between the estate of the husband on the one hand and that of the wife on the other, and it presents a single question.
At the time of their intermarriage the decedents were respectively possessed of about two thousand eight hundred dollars, and each had children by a former marriage.
*405 Their marriage occurred in 1852, and each thereafter recognized the separate property rights of the other. They made investments jointly, each supplying half of the means, and they took all securities in their joint names. This course continued until March, 1873, when the husband died. At this time the personalty so handled and situated had swelled to a considerable amount. No question is involved concerning right to real estate, or any question concerning the rights of creditors. The point is confined to the right to this personalty as between the two estates, the wife also being now deceased. On the part of her estate it was claimed below and is here, that in regard to these securities taken in the joint names, the old law of survivorship governs, and that as she outlived her husband she took the whole.
On the other side it is urged that no such rule now prevails in this state, whatever may have been the case formerly, and that the law now recognizes and protects the property interests of husband and wife in joint securities as separate and distinct interests when particular circumstances do not exist to show a contrary intention in the parties.
*The judge of probate ruled against the right of survivorship claimed on behalf of the wife, and his order was appealed from to the circuit court. That portion of his order which so decreed was there reversed, and it was decided that by force of the law of survivorship the wife took the whole. The conclusion of the probate court was correct, and that of the circuit court was erroneous. As the case stood, the question was upon the bare legal effect of the husband’s death in the lifetime of the wife upon the right to the securities taken by them jointly. Our own decisions relative to the rights of husband and wife in case of united holdings of real estate, afford no argument here. They were grounded upon the statutory preservation of the common-law doctrine, and which originated in and was developed by a policy not pertinent to cases of taking and holding of personal securities. There is no question on evidence as to whether there was a gift by the husband to the wife, or a contingent relinquishment of right by one to the other; the case fairly excludes *406 all considerations of that kind. Prior to the husband’s death each held an individual divisible interest. As between the two and before the husband’s death, the law would have considered that each owned an equal half, and not that their respective interests were consolidated into an entirety held by the two as one person. By the law of 1846, which was a reenactment with some change of the law of 1844, the estate Mrs. Wait owned on her marriage with decedent Justin Wait, was kept and preserved to her as her separate property after the marriage to the “ same extent as before marriage.” — Sess. L. 1844, p. 77-78; R. S. 1846, p. 340, § 25. Hence, during the husband’s lifetime, and up to the act of 1855, the marriage and taking the securities in the joint names had not the effect as matter of law to blend the respective interests and consolidate them into one.
The preservation of the property interest of the wife as something distinct and separate is repugnant to such a *blending, and inconsistent with the common-law doctrine advanced.
The act of 1855, which was passed some three years after the marriage, goes further than the earlier ones in the same direction. — 2 C. L., pp. 1477, 1478.
She held her property interest as though she were sole, and the bare fact that the securities were taken in the joint names, could no more change the holding into one by entirety than it would if the parties had not been married. Indeed the tenure was just what it would have been if the parties had been unmarried.
Her right was separate and distinguishable up to her husband’s death, and under the impress of the statute it continued so, and his right was therefore necessarily separate and distinguishable from hers, and so continued.
There could be no blending so long as the law kept her right distinct.
The drift of policy and opinion, as shown by legislation and judicial decisions, is strongly adverse to the doctrine of taking by mere right of survivorship, except in a few special cases, *407 and it should not be applied except where tbe law in its favor is clear.
There must be a reversal of tbe order of tbe circuit court and an affirmance of the order of tbe probate court.
. The plaintiffs in error will recover their costs of this court and of the circuit court.
Tbe other justices concurred.