LOBER *v.* DORGAN.

1. JOINT TENANCY — COMMON LAW—PERSONAL PROPERTY—SUR-
VIVORSHIP—CONTRACTS.
   Although the doctrine of the common law with reference
   to joint tenancies in personal property has never been
   adopted in Michigan, parties may create them by express
   contract, the statute nowhere forbidding it, and there being
   nothing immoral or against the public good in such
   contracts.

2. SAME.
   A real-estate mortgage running to a husband and wife,
   "as joint tenants, with sole right to the survivor," *held*,
   to create a joint tenancy with right of survivorship in
   the wife on the death of the husband.
   STEERE, C. J., and FELLOWS and STONE, JJ., dissenting.

Appeal from Van Buren; Des Voignes (L. Burget),
J. Submitted January 12, 1921. (Docket No. 83.)
Decided July 19, 1921.

Bill by Adelbert Lober, administrator of the estate
of George W. Bush, deceased, against Michael Dorgan,
administrator with the will annexed of the estate of
Sarah J. Bush, deceased, for an accounting. From a
decree dismissing the bill, plaintiff appeals. Affirmed.

*Thomas J. Cavanaugh,* for plaintiff.

*W. J. Barnard,* for defendant.

BIRD, J.   George W. Bush and his wife, on April
12, 1909, took a real estate mortgage from Joseph
and Leona Rudinger for $2,700. The mortgage ran
to

"George W. Bush, and Sarah Bush, his wife, of

Gobleville, Michigan, as joint tenants, with sole right to the survivor."

In 1913, George W. Bush died and his widow took charge of the mortgage and collected thereon $850. In 1918 she died. The administrator of the husband's estate insists that one-half of this mortgage belongs to the estate of his intestate. This is denied by the administrator of the wife's estate. Not being able to agree concerning it, this bill was filed by plaintiff to have the question determined.

It was contended on the part of the plaintiff that our authorities hold that there can be no joint tenancy in personal property in this State and, therefore, it would follow that defendant could not take the entire mortgage as survivor. It is argued that this was determined by the case of *Ludwig* v. *Bruner*, 203 Mich. 556.

Defendant's counsel insists that this question was not decided by the *Ludwig Case*. It is pointed out by him that in the *Ludwig Case* the language described the parties merely as "joint tenants," whereas in the present mortgage they are not only described as "joint tenants," but it is expressly provided that the survivor shall take the fund.

The chancellor took the view of the defendant, holding that the wife, as survivor, took the entire fund.

The mortgage in the *Ludwig Case* ran to "Samuel Ludwig and Sarah E. Ludwig, as joint tenants." The present mortgage runs to "George W. Bush and Sarah Bush, his wife, as joint tenants, with sole right to the survivor." It was decided by the *Ludwig Case* that where there was a conveyance of personalty to two or more parties as joint tenants they would take as tenants in common. The question, therefore, gets around to this, whether the use of the additional words "with sole right to the survivor" will change the rule

established in that case. There was much argument and many things said in the *Ludwig* opinions, but the real question and the only question before the court was whether when the parties were described as joint tenants of personalty either party would take the whole by reason of the incident of survivorship. It seems to me the question is open as to what force we will give the words "with sole right to the survivor." In the *Ludwig Case* we said we would not, *as a matter of law*, infer from the words "joint tenants" the ordinary incident of survivorship, but that is not the question here. Here it is a question of contract. The parties themselves have provided for survivorship by agreement. The parties having so contracted, is there any valid reason why we should refuse to enforce their agreement? Our statute does not prohibit such a contract. There is nothing in the agreement which is immoral or against the public good. If this be so, why should a court of last resort arbitrarily say to the citizens of its State "you may not contract that the survivor of two grantees shall succeed to the title of personal property." Once this step is taken and a devise of personal property in a will to two persons and to their survivor will not be enforced. If there be any reason why we should say so it does not occur to me. A still more serious question is, Have we the inherent right to say so? If we are to deny the right to the people to make a harmless contract we should have some very good reason for doing so.

In many States joint tenancies with their common law incidents have been abolished by legislation, but even in those States where joint tenancies result from express contract they are recognized as valid. The State of Georgia is an illustration of this. It is said in *Equitable Loan & Security Co.* v. *Waring*, 117 Ga. 599, 676 (44 S. E. 320, 353, 62 L. R. A. 93, 130), that the code provides that:

" 'Joint tenancy does not exist in this State, and all such estates, under the English law, will be held to be tenancies in common under this code.' Civil Code, 1895, § 3142. * * * While the doctrine of survivorship, as applied to joint tenancies, has been distinctly abolished and does not exist in this State, there is no law of this State that we are aware of which prevents parties to a contract, or a testator in his will, from expressly providing that an interest in property shall be dependent upon survivorship. Of course, all presumptions are against such an intention; but where the contract or will provides, either in express terms or by necessary implication, that the doctrine of survivorship shall be recognized, we know of no reason why a provision in the contract or will dependent upon such doctrine may not become operative under the laws of this State. * * * At common law an estate in joint tenancy, with the incident of survivorship, was created in any case where lands or tenements were granted to two or more persons, to be held in fee simple, fee tail, for life, for years, or at will. The mere creation of the estate in two or more persons, without more, drew to it the incident of survivorship. See 2 B. L. Com. p. 180. In Georgia the mere creation of the estate in two or more persons never draws to it survivorship as an incident, and the presumption is in all cases that survivorship was not intended. But where by express terms or necessary implication, a survivorship is provided for, the law of Georgia allows it to exist. This exact question has been passed upon in other States having statutes abolishing the doctrine of survivorship as applied to joint tenancies. In *Arnold* v. *Jack's Ex'rs*, 24 Pa. St. 57, the supreme court of Pennsylvania held that, though survivorship, as an incident to joint tenancies, had been abolished in that State, it might be expressly provided for by will or deed; Knox, J. in the opinion saying:

" 'But, conceding that the right of survivorship, as an incident of a joint tenancy, no matter how created, is gone, it by no means follows that this right may not be expressly given, either by a devise in a will, or by grant in a deed of conveyance.

215—Mich.—5.

It may cease to exist as an incident, and yet be legally created as a principal.'

"See, also, *Jones* v. *Cable*, 114 Pa. 586 (7 Atl. 791) ; *Sturm* v. *Sawyer*, 2 Pa. Super. Ct. 254; *Lentz* v. *Lentz*, 2 Phila. 117.    In the case of *Taylor* v. *Smith*, 116 N. C. 531 (21 S. E. 202), the supreme court of North Carolina held that the act abolishing survivorship in estates in joint tenancy did not prohibit contracts making the rights of the parties dependent on survivorship.    In the opinion, Avery, J., said:

" 'The act of 1784 (Code, § 1326) abolishes survivorship where the joint tenancy would otherwise have been created by the law, but does not operate to prohibit persons from entering into written contracts as to land, or verbal agreements as to personalty, such as to make the future rights of the parties depend upon the fact of survivorship.'

"See, also, 17 Am. & Eng. Enc. Law (2d Ed.), p. 650."

It is observed in 17 Am. & Eng. Enc. Law (2d Ed.), p. 650, that:

"A statute abolishing survivorship relates only to estates in joint tenancy, and does not have the effect to abolish survivorship in choses in action; and upon the death of one of several payees or obligees of a note or bond, or the like, the right of action survives to the others, notwithstanding the statutes."

In Michigan the doctrine of the common law with reference to joint tenancies in personal property has never been adopted.    *Wait* v. *Bovee*, 35 Mich. 425.    But this fact does not furnish any reason for holding that parties may not create them by express contract.    The statute nowhere forbids it and the legislature itself has recognized joint tenancies in real estate by pointing out the way in which they may be created.    3 Comp. Laws 1915, § 11562.    The principal cases in which this question has been discussed by this court are:    *Ludwig* v. *Bruner*, 203 Mich. 556; *Hart* v. *Hart*, 201 Mich. 207; *Negaunee National Bank*

v. *LeBeau,* 195 Mich. 502 (L. R. A. 1917D, 852) ; *Luttermoser* v. *Zeuner,* 110 Mich. 186; *Wait* v. *Bovee,* 35 Mich. 425.

These decisions do not forbid the creation of the right of survivorship in personalty where it is created by the express act of the parties.   In *Negaunee National Bank* v. *LeBeau, supra,* this court permitted a bank deposit to pass to the survivor independent of the statute.

The conclusion of the chancellor was clearly right and the decree should be affirmed.

MOORE, WIEST, CLARK, and SHARPE, JJ., concurred with BIRD, J.

SHARPE, J. (*concurring*).   I concur with Mr. Justice BIRD.   If persuaded that the question here presented is controlled by former decisions of this court by which a rule of property has long been established in this State, I would be loath to join in an opinion overruling them.   The cases relied on are:   *Wait* v. *Bovee,* 35 Mich. 425 ; *Luttermoser* v. *Zeuner,* 110 Mich. 186; *Burns* v. *Burns,* 132 Mich. 441; *State Bank of Croswell* v. *Johnson,* 151 Mich. 538; *Hart* v. *Hart,* 201 Mich. 207; and *Ludwig* v. *Bruner,* 203 Mich. 556.

The rule contended for is perhaps most broadly stated in the *Ludwig Case.*   The mortgage and notes secured thereby were in that case made payable to "Samuel Ludwig and Sarah E. Ludwig as joint tenants."   A majority of the court concurred in holding, after citing the above cases:

"These cases and others which might be cited establish to my mind the doctrine in this State that joint tenancy in personal property with its right of survivorship does not exist."

In my opinion, this rule has no application to the facts here presented.   The question before us is, May provision be made in a written instrument that per-

sonal property shall pass to the survivor of two or
more persons in whose names it is held in joint owner-
ship? The holding in the above cases, stated in other
words, was that the right of survivorship does not
follow as an incident to personal property held in
joint tenancy. There is no claim here that it does
so follow. The right of the survivor to take is not
in any way dependent upon the joint estate. It ob-
tains by reason of the express language of the instru-
ments themselves. The intention is clearly expressed.
The distinction to me is apparent. Indeed, I think it
may well be said that this court in the *Wait Case,*
where the doctrine was first announced, carefully re-
frained from holding that survivorship might not be
provided for. In that case, in stating the claims of
the parties, it was said:

"On the other side it is urged that no such rule
now prevails in this State, whatever may have been
the case formerly, and that the law now recognizes
and protects the property interests of husband and
wife in joint securities as separate and distinct in-
terests *when particular circumstances do not exist to
show a contrary intention in the parties."*

The conclusion of the court is thus stated:

"The drift of policy and opinion, as shown by
legislation and judicial decisions, is strongly adverse
to the doctrine of taking by mere right of survivor-
ship, *except in a few special cases, and it should not
be applied except where the law in its favor is clear."*

The italics are mine. I can conceive of no case
which could come within the exception if this does not.
It is said that the rule was applied in the *State Bank
of Croswell Case,* where the word "survivor" was used
in the security. In that case an ordinary certificate
of deposit in a bank was indorsed by the payee with
a direction to "issue a new certificate  *  *  *  pay-
able to Thomas Parker and Alice Parker or the sur-

vivor of them." It was held that the indorsement with intent to make a gift—

"was as effective to pass the title to the interest specified as though a new certificate had been issued to Mrs. Parker as directed."

The quotation from this opinion in that of Mr. Justice FELLOWS was clearly *obiter dictum.* The language was not employed in deciding the rights of the parties. As a rule of law, it was in accord with *Wait* v. *Bovee.*

In my opinion, these cases go no further than to hold that the law of survivorship does not apply as an incident to the joint ownership of personal property and in no way control when the survivorship is expressly provided for in the instrument by which the joint holding is created. Strictly speaking, there is no such thing as joint tenancy in personal property. Real estate only is held by tenure.

The fact that the auditor general, acting on the advice of the attorney general, has collected inheritance taxes on securities so held, while deserving consideration, cannot be regarded as establishing a rule of property binding upon the courts.

CLARK, J., concurred with SHARPE, J.

FELLOWS, J. (*dissenting*). The argument advanced by my Brother BIRD to sustain the result he reaches in this case is the same as was advanced by him in *Ludwig* v. *Bruner*, 203 Mich. 556, *i. e.*, that parties by contract may create an estate of joint tenancy in personal property even though such an estate is unknown to our law. The *Ludwig Case* was submitted to this court January 11, 1918, and was not decided until December 27th of that year. It was under consideration by this court for nearly a year and was the subject of many conferences. By a vote of 5 to 3 it was finally held (I quote from the syllabus) :

"Joint tenancy in personal property with its right of survivorship does not exist in this State."

And it was definitely decided that such had been the law from the time that *Wait* v. *Bovee,* 35 Mich. 425, was handed down, that it was a rule of property and should not be deviated from. No member of this court had ever questioned this rule until *Hart* v. *Hart,* 201 Mich 207. It had been, and by a majority of this court was declared in the *Ludwig Case* to be, the settled "bench" law of this State.

If parties by contract undertake to create an estate tail it fails because it is in collision with the statute law of the State. If parties by contract attempt to create three or more successive life estates, such contract must fail because it is in conflict with the statute law of the State. If parties by contract undertake to create a joint estate in personal property it likewise must fail because it is in collision and in conflict with the settled "bench" law of the State. This was definitely settled in the *Ludwig Case* as it had been in all the cases which preceded it. A change in the personnel of this court does not, or at least should not, change the settled "bench" law of the State.

In the instant case two notes each secured by mortgage are involved. The Rudinger note is for $2,700 and is payable to "George W. Bush and Sarah Bush, or order." The note is the evidence of the debt, is the contract between the parties, and the mortgage which contains the language quoted by my brother is but the security for the payment of the note, for the performance of the contract. Decision of the case so far as the Rudinger note is concerned might well be made to rest upon the ground that by the contract no estate in joint tenancy with the right of survivorship was attempted to be or was created, that an estate in common only existed. The other note does not

appear in the record but the mortgage is for $400 and is given by Frank Daniels and Ella Daniels to George W. Bush alone. Mrs. Bush collected on the Daniels note and mortgage $152. I do not understand the reason which prompted the trial judge in denying relief as to the Daniels note and mortgage. Decision on the Daniels note and mortgage might well be made to rest and should be made to rest on the ground that Mr. Bush's estate is entitled to an accounting from Mrs. Bush's estate for the money collected by her from Daniels after the death of her husband.

But my reason for dissent is based upon broader grounds than those just stated. It is based upon the ground that joint tenancy in personal property with the right of survivorship does not exist in this jurisdiction no matter what the holding may be elsewhere. That the right of survivorship is an incident of joint tenancy is well known to the profession. The words "with sole right to the survivor" in the Rudinger mortgage added nothing to the words "as joint tenants." In the case of *State Bank of Croswell* v. *Johnson,* 151 Mich. 538, the language was "payable to Thomas Parker and Alice Parker or the survivor of them." We there held that the transaction partook of the nature of a gift *inter vivos* and of a gift *causa mortis,* and decision was there based on these grounds. In order that the profession might not misunderstand the ground of decision we said:

"Our decisions that the law of survivorship does not apply in the case of joint ownership of personal property does not affect the right of a donor to make a gift to his surviving wife."

And *Wait* v. *Bovee, supra,* was cited and quoted from. We there clearly indicated that the language used "or to the survivor of them" did not pass title to the survivor and that she must depend upon her rights as donee or fail.

I quite fully expressed my views in *Hart* v. *Hart*, *supra*, and in *Ludwig* v. *Bruner*, *supra*, and have no desire to again review the authorities. The rule is a rule of property and the doctrine of *stare decisis* should obtain. As was said in the *Ludwig Case*:

"This court should not reverse a rule of property which has been unquestioned for over 40 years and under which rights of creditors of decedents have been protected and no small amount of revenue by way of inheritance taxes has been contributed to the support of the State government."

In my judgment the decree should be reversed and one here entered in conformity with the prayer of the bill. Plaintiff should recover costs.

STEERE, C. J., and STONE, J., concurred with FELLOWS, J.