FREDERICK J. HAYNES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7247.    Promulgated June 23, 1927.

Petitioner and his wife held a note and a mortgage securing the payment thereof as joint tenants. *Held* that only one-half the interest paid on the note is income to the petitioner.

*John P. O'Hara, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1922 in the amount of $1,624, of which the petitioner contests only $812. The issues are whether petitioner and his wife were joint owners of a certain note and whether the interest received thereon is taxable in whole or in part to the petitioner.

FINDINGS OF FACT.

The petitioner is an individual residing in Detroit, Mich.

In the latter part of the year 1921 the payees of a note given by the Maple Road Land Co., a Michigan corporation, in the principal sum of $48,000, endorsed the note over to petitioner and his wife by the following endorsement:

Pay to the order of Frederick J. Haynes and Clara M. Haynes his wife, not as tenants in common, but jointly with full right to the survivor.

> CHARLES D. MILLER.
> EMMA E. SNOW.

At the time of this endorsement $40,000 of the principal was unpaid.

The note was secured by a mortgage on real estate of the Maple Road Land Co. This mortgage was assigned by the mortgagees to petitioner and his wife by an instrument, the body of which reads as follows:

KNOW ALL MEN BY THESE PRESENTS, That we CHARLES D. MILLER and EMMA E. SNOW, of Birmingham, Oakland County, Michigan, parties of the first part, for and in consideration of the sum of Forty Thousand ($40,000.00) Dollars, lawful money of the United States of America, to them in hand paid

by FREDERICK J. HAYNES and CLARA M. HAYNES, his wife, not as tenants in common, but jointly with full rights of survivorship, parties of the second part, the receipt whereof is hereby acknowledged, have sold, assigned and transferred, and hereby do sell, assign and transfer to the said parties of the second part, not as tenants in common, but as joint tenants, with full rights to the survivor, all their right, title and interest in and to a certain real estate mortgage, dated the 6th day of November in the year one thousand nine hundred and sixteen, made by MAPLE ROAD LAND COMPANY, a Michigan Corporation, to CHARLES D. MILLER and EMMA SNOW, and recorded in the office of the Register of Deeds for the County of Oakland, State of Michigan, in Liber 224 of Mortgages, on page 366.

IN WITNESS WHEREOF we have hereunto set our hands and seals this 22nd day of December in the year one thousand nine hundred and twenty-one.

CHARLES D. MILLER   (Seal)<br>EMMA E. SNOW   (Seal)

On the same date, December 22, 1921, the petitioner entered into an agreement with the Oakland Hills Country Club extending the Maple Road Land Co. note and increasing the rate of interest from 6 per cent to 7 per cent. The petitioner's wife did not sign this agreement, although she is named therein as a party to it.

In 1922 the Oakland Hills Country Club paid $2,800 as interest on the note involved, which amount was returned as income by the wife of the petitioner. The respondent in computing the deficiency appealed from added the interest to the income of the petitioner.

OPINION.

ARUNDELL: The petitioner admits that $1,400, or one-half of the interest paid on the note in 1922, represents income to him, but contends that the balance was paid to his wife and belonged to her and that he is not subject to tax thereon. It is his contention that he and his wife owned the note and mortgage jointly. The respondent denies the joint ownership and has computed the deficiency on the theory that the petitioner made a gift of the interest to his wife.

Although the common law doctrine with reference to joint tenancies in personal property has never been adopted by statute in Michigan, the Supreme Court of that State has recognized that such tenancies may be validly created by specific provision therefor in the instrument of conveyance. *Lober* v. *Dorgan*, 215 Mich. 62; 183 N. W. 942.

It therefore seems clear that the petitioner and his wife held the note here involved as joint tenants. As a result of such ownership each tenant had an equal right to share in the property so held and the income therefrom. Thompson on Real Property, § 1710; 7 R. C. L. 811; *Case* v. *Owen*, 139 Ind. 22; 38 N. E. 395; *Kissam* v. *Mc-Elligott*, 280 Fed. 212.

The Michigan Married Woman's Act, 3 Mich. Comp. Laws, 1915, sec. 11485, provides:

That the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled, by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable fo the debts, obligations and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her, in the same manner and with the like effect as if she were unmarried.

As the petitioner and his wife were joint owners of the note here involved and each was entitled to one-half of the income therefrom, we are of the opinion, that in view of the provisions of the Married Woman's Act as set forth above, one-half of the income from the note was properly taxable to the petitioner's wife and only the remaining half was taxable to the petitioner.

> *Judgment will be entered on 15 days' notice, under Rule 50.*