*In re* PETERSON'S ESTATE.

1. JOINT TENANCY—RIGHT OF SURVIVORSHIP IN PERSONALTY MAY BE CREATED BY PARTIES.
   Right of survivorship in personalty may be created by the express act of the parties, where the statute nowhere forbids it.

2. HUSBAND AND WIFE—RIGHT OF SURVIVORSHIP IN BONDS CREATED —DELIVERY SUFFICIENT.
   Where a husband rented a safety deposit box in name of himself and wife, placed bonds therein in their joint names, directed the depositary to surrender them either to himself or his wife or the survivor, and placed the key where it was accessible to both, he did all he could to carry out his intention of creating a right of survivorship therein; there being sufficient delivery, and, on his death, title to the bonds passed to the wife.

Error to Berrien; Warner (Glenn E.), J., presiding. Submitted April 26, 1927.    (Docket No. 17.)    Decided June 24, 1927.

---

¹Joint Tenancy, 33 C. J. §§ 4 (Anno), 8; ²Husband and Wife, 30 C. J. § 107.

Jessie M. Peterson presented her final account as administratrix of the estate of Lloyd Peterson, deceased. The account was allowed in the probate court, and Delbert Peterson appealed to the circuit court. Judgment for contestant. Plaintiff brings error. Reversed, and judgment ordered entered for plaintiff.

*Stuart B. White,* for appellant.

*Will R. Stevens* and *John J. Sterling,* for appellee.

CLARK, J.    Lloyd Peterson became ill in 1920. The cause was diabetes, which, progressing, resulted in death in August, 1923. In January, 1923, knowing the serious nature of his illness, he went to a bank in Berrien Springs, rented a deposit box, and placed therein bonds in the aggregate par value of $9,500. The box was taken in the names of himself and his wife, Jessie Peterson, "either or survivor," and the contents of the box were, as evidenced by the bank records, to be surrendered accordingly. The key to the box was taken to his home and placed in the bedroom of the husband and wife to the knowledge of both of them, and where it was accessible to either of them at any time. Mr. Peterson recognized his state of health, and declared his purpose in this transaction, as shown by the testimony of the cashier of the bank:

"He wished to have it so she could have access to, it, in case he couldn't; but in the meantime, as long as he was taking care of the—able to take care of the business, that she very seldom got over to do any business, and she would probably not use it.    *    *    *    He said that she would not be active in the affairs of that box probably, as long as he was able to, but in case something happened to him, sickness or death, he wished the contents of that box to be hers."

The widow, as administratrix, did not account for the bonds, and there was appeal to the circuit court,

whose judgment against the widow is here for review on error.

The bench law of this State does not forbid "the creation of the right of survivorship in personalty where it is created by the express act of the parties," and "the statute nowhere forbids it." *Lober* v. *Dorgan*, 215 Mich. 62. Mr. Peterson deposited the bonds in the names of himself and wife. He directed the depositary to surrender them either to himself or his wife, or the survivor of them. He placed the key in their bedroom to the knowledge of both of them. He or his wife at any time might have withdrawn the bonds. He did all that he could to carry out his intention. He intended to give to her a present interest in the bonds equal to his own, and, in the event of his death, which he must have anticipated, to give her the entire fund. He parted with dominion over the property to the full extent permitted by a transaction of this character. There was delivery. *State Bank of Croswell* v. *Johnson*, 151 Mich. 538. In principle, the case is ruled by the two cases above cited, and see, also, *Negaunee National Bank* v. *Le Beau*, 195 Mich. 502 (L. R. A. 1917D, 852).

Judgment reversed. As the question is one of law, the cause is remanded, with direction to enter judgment in favor of Jessie Peterson. She will have costs in this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, and McDONALD, JJ., concurred.

FELLOWS, J. In view of the holding of the majority of this court in *Lober* v. *Dorgan*, 215 Mich. 62, I concur in the result reached by Mr. Justice CLARK.