FORLER *v.* WILLIAMS.

1. Joint Tenancy—Survivorship—Personal Property.
   Provision may be made for the right of survivorship in the case of personal property.

2. Husband and Wife — Survivorship — Note and Mortgage Owned by Survivor Where Provided For.
   Where a note payable to husband and wife or the survivor is secured by a real estate mortgage, and the wife dies, the husband is the owner of both the note and mortgage, although nothing is stated in the mortgage about survivorship, since such was the clear intent, and the owner of the note which evidences the debt is the owner of the mortgage.

3. Frauds, Statute of—Oral Agreement to Purchase Land Void Where No Part Performance Shown.
   An oral agreement by one devisee to purchase the interests

---

[1]Joint Tenancy, 33 C. J. § 8; [2]Mortgages, 41 C. J. § 170; [3]Frauds, Statute of, 27 C. J. § 155; 6 R. C. L. 557; 5 R. C. L. Supp. 355.

of other devisees in real estate is void under the statute of frauds, where there was no showing of part performance taking it out of the statute.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 18, 1928. (Docket No. 178.) Decided June 4, 1928.

Bill by Norman Forler and another against Thomas Williams for an accounting, to determine the ownership of a mortgage, and for specific performance of a verbal agreement to purchase land. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Louis B. Ver Wiebe*, for plaintiffs.

*Lynch & Hinks*, for defendant.

WIEST, J. The bill herein was filed for an accounting, to determine the ownership of a real estate mortgage, and to have defendant specifically perform a verbal agreement to purchase the undivided interests of plaintiffs in a parcel of real estate. Catherine Williams was the wife of defendant and the mother of plaintiffs by a previous husband, and, by her will, she devised the homestead to defendant and her three children, share and share alike. Plaintiffs claim that defendant, after probate of the will, agreed verbally to purchase their interests in the property and pay each of them $2,500, and they seek a decree compelling him to carry out the agreement. Defendant denied any such agreement. The circuit judge was unable to find the alleged agreement and held that, even if made, it was void under the statute of frauds. A note was given Thomas Williams and Catherine Williams, his wife, "or the survivor," secured by mortgage on real estate, in which the mortgagees were designated as Thomas Williams and Catherine Williams, his wife, but nothing therein stated about survivorship. Plain-

tiffs claim an interest in the mortgage, and defendant claims by right of survivorship, as designated in the mortgage note.

Plaintiffs appealed from a decree adjudging defendant owner of the note and mortgage and dismissing their bill. Two questions are presented:

(1) If a note, payable to "Thomas Williams and Catherine Williams, his wife, or the survivor," is secured by a real estate mortgage to "Thomas Williams and Catherine Williams, his wife," and the wife dies, does the survivor own the note and mortgage?

(2) May the verbal agreement to purchase the interests of plaintiffs in the real estate be enforced?

In this jurisdiction the answer to the first question is yes. Such was the clear intent expressed in the note, and ownership may be so provided in case of personal property. *Lober* v. *Dorgan,* 215 Mich. 62; *Scholten* v. *Scholten,* 238 Mich. 679. See, also, *In re Peterson's Estate,* 239 Mich. 452. The debt was evidenced by the note, payment thereof secured by the mortgage, and the owner of the note owns the mortgage.

We do not pass upon the question of whether the claimed agreement was made to purchase plaintiffs' interests in the real estate because, if it was made, it was void under the statute of frauds. The case presents no part performance taking the agreement out of the statute.

The decree in the circuit is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.