MOLLIE SHAFFRAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29987.   Promulgated November 9, 1929.

*Harry J. Rudick*, C. P. A., for the petitioner.
*T. M. Mather*, *Esq.*, for the respondent.

OPINION.

LITTLETON: The petitioner and her husband, Louis Shaffran, in February, 1917, purchased, at a cost of $11,600, certain real estate known as No. 218 Schley Street, Brooklyn, N. Y.

This property was conveyed to and held by them as tenants by the entirety. On April 24, 1923, they entered into an agreement with one Fred Leiblein to convey to him or his "assigns" the aforementioned property.

The consideration for such conveyance was $19,000, payable as follows: $1,000, the receipt of which was acknowledged, upon the signing of the contract; $7,000 in cash on the delivery of the deed, which was to be June 1, 1923; $6,500 by taking the property subject to a mortgage for that amount, and $4,500 to be made in deferred partial payments, secured by a second mortgage on the property.

The stipulations embodied in the contract of sale were "to apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties."

The question is on what profit should petitioner pay income tax.

The Commissioner contends that petitioner should pay on the difference between the original cost of the property in 1917 depreciated to date of sale and the proceeds of sale in 1923.

The petitioner insists that she would, in any event, be taxed with only one-half of the profit and that possibly the proper basis is the value of the property at the time of her husband's death, in which event she would have nothing to pay. The law of a State in which land is situated controls and governs its transmission by will or its passage in case of intestacy. *Clarke* v. *Clarke*, 178 U. S. 186; *De-Vaughn* v. *Hutchinson*, 165 U. S. 566. In this case, no will is proven.

In view of the decisions of the courts of New York, it is not open to question that the doctrine of estates by the entirety obtains in that jurisdiction, with all the legal consequences incident thereto. *George R. Dyer et al.*, 5 B. T. A. 711, 714.

In behalf of petitioner, it is insisted that when the agreement to sell the property in question was executed, April 24, 1923, and the receipt of $1,000 of the consideration for the prospective transfer of the legal title to the property acknowledged, there was *then* a severance of the tenancy by the entirety; such was dissolved and the petitioner and her husband became tenants in common, each being entitled to receive one-half of the proceeds from the sale of the property; that by their joint sale agreement there arose an equitable conversion of the realty into personalty and that under the law of the State of New York, there can be no tenancy by the entirety in personal property. In *Williams* v. *Haddock*, 145 N. Y. 144; 39 N. E. 825, Judge Peckham, delivering the opinion of the court, said:

* * * The general rule in regard to contracts for the sale of land is that the owner of the real estate from the time of the execution of a valid contract for such sale is to be treated as the owner of the purchase money, and the purchaser of the land is treated as the equitable owner thereof. The vendor is deemed in equity to stand seised in the land for the benefit of the purchaser, and the latter, even before the conveyance to him, can devise the same, and it descends to his heir, and the land which was agreed to be sold has been turned into money belonging to the vendor. Courts of equity regard that as done which ought to be done. They look at the substance of things, and not at the mere form of agreements to which they give the precise effect which the parties intended. It is presumed that the vendor, in agreeing to sell his land, intends that his property shall assume the character of the property into which it is to be converted, and it cannot be denied that it is competent for the owner of land thus to make such land into money at his sole will and pleasure. If the vendor die prior to the completion of the bargain, provided there has been no default, the heir of the vendor may be compelled to convey, and the proceeds of the land will go to the executors as personal property. Story, Eq. Jur. § § 790, 791, 1212; Sugd. Vend. (8th Am. Ed.) pp. 270, 273, c. 5; *Baden* v. *Pembroke*, 2 Vern. 213; *Fletcher* v. *Ashburner*, 1 Brown, Ch. 497; *Eaton* v. *Sauxter*, 6 Sim. 517; *Farrar* v. *Earl of Winterton*, 5 Beav. 1; *Livingston* v. *Newkirk*, 3 Johns. Ch. 312; *Champion* v. *Brown*, 6 Johns. Ch. 398; *Craig* v. *Leslie*, 3 Wheat. 563.

In *Flomerfelt* v. *Siglin*, 155 Ala. 633; 47 S. 106, it is said:

In case of the death of the vendee before a conveyance has been made, his interest in the land should be considered as real estate and descends to his

heir, or he may devise the same by will; and in case of the vendor's death, where he is under contract to sell lands, his heir receives the title in trust for the vendee, and must convey upon payment of the purchase money, but the purchase money goes, not to the heir, but to the personal representative of the vendor, for the vendor's interest had been converted by the contract from realty to personalty. 6 Pomeroy, 840, 841; *Wimbish* v. *Montgomery M. B. & L. Association,* 69 Ala. 577.

In the opinion of the court in *Seymour* v. *Freer*, 8 Wall. 202, 214, it is stated:

Equity considers that as done which is agreed to be done. Money which, according to a will or agreement, is to be invested in land, is regarded, in equity, as real estate; and land which is to be converted into money, is regarded as money, and treated accordingly.

To the same effect: *Craig* v. *Leslie et al.*, 3 Wheat. 563; *Peter* v. *Beverly*, 10 Pet. 532; *Cropley* v. *Cooper*, 19 Wall. 167, 174; *Stewart* v. *Griffith*, 217 U. S. 323. In Corpus Juris, vol. 13, § 8, p. 855, it is stated:

A contract for the sale of land works a conversion, equity treating the vendor as holding the land in trust for the purchaser, and the purchaser as a trustee of the purchase price for the vendor. The vendor's interest thereafter in equity is in the unpaid purchase price, and is treated as personalty, while the purchaser's interest is in the land and is treated as realty. Such conversion becomes absolute if the terms of the contract of sale are subsequently complied with. * * *

Thompson on Real Property, vol. 2, § 1752, p. 956, states:

* * * By the common law the wife's personal property in possession became the property of the husband absolutely. By statute she is generally given the use and control of her separate personal property as fully as if she were not married. It follows, therefore, that the proceeds of a sale of real estate acquired by them under the same conveyance belong one-half to each.

See also *Fogleman* v. *Shively*, 4 Ind. App. 197; 30 N. E. 909; 51 Am. St. Rep. 213.

In *Detroit & Security Trust Co.* v. *Kramer* (Supreme Court of Michigan, July 8, 1929), 247 Mich. 468; 226 N. W. 234, it was held that the surviving husband was the sole owner of his wife's interest in realty held by them as tenants by the entireties at the time of her death, notwithstanding their executory contracts to sell it and convey title to another. In that case the court stated:

In certain cases we have held that, after sale of real estate upon executory contracts, under the equitable doctrine of conversion, the interest of the vendors became personal property. *Bowen* v. *Lansing*, 129 Mich. 117, 88 N. W. 384, 57 L. R. A. 643, 95 Am. St. Rep. 427; *Detroit Trust Co.* v. *Baker*, 230 Mich. 551, 203 N. W. 154, 204 N. W. 773. But there is no decision of this court which passes directly upon the question here involved, namely, whether a husband and wife holding real estate by entireties and who sell the same on executory contract thereby divest themselves of the right of survivorship. The holdings of courts that, upon the execution and delivery of such a contract, the remaining interest of the vendor in the property becomes personalty and the interest of the vendee realty, are based upon the theory of equitable conversion. It is said the

vendor holds the title to the land in trust for the vendee, and likewise the vendee holds the purchase price in trust for the vendor. As has been pointed out by eminent authority, this theory at best is somewhat farfetched. See note to Pomeroy, Equity Jurisprudence (4th Ed.) § 2261. Necessity has compelled the adoption of some rule of property by which the rights of descent and distribution are definitely fixed; and it may be conceded that, in the absence of some controlling circumstances to the contrary, the application of the doctrine of equitable conversion in the manner above suggested accomplishes a fairly just result. * * *

  *   *   *   *   *   *   *

 * * * To hold in this case that, on account of the equitable doctrine of conversion, the respective rights of survivorship between Mr. and Mrs. Kramer were terminated by the execution of executory contracts to sell, is to nullify the settled plan for the disposition of their properties which they deliberately adopted without there being the slightest proof of any intention or desire on the part of either so to do. It is of little consequence in this case whether it is held that the remaining interest of the vendors in the contracted lands is realty or personalty. If it is realty, under the well-established law of this state the right of survivorship vested title in Mr. Kramer; and, if it is personalty, it is equally plain that under our law these parties had a right to arrange by contract for survivorship in such personalty. Regardless of what may have been said in some of the earlier decisions of this court, it is now the established law of this state that, in the absence of statutory provisions to the contrary, a right of survivorship may be created in personal property. *Lober* v. *Dorgan,* 215 Mich. 62, 183 N. W. 942; *Scholten* v. *Scholten,* 238 Mich. 679. 214 N. W. 320; *In re Peterson's Estate,* 239 Mich. 452, 214 N. W. 418; *Forler* v. *Williams,* 242 Mich. 639, 219 N. W. 641.

 We think it conclusively appears in this record that Mr. and Mrs. Kramer so arranged their respective properties that in effect it amounted to a contractual undertaking that each should take and hold a right of survivorship in the other's property. * * *

 In *McArthur* v. *Weaver,* 129 App. Div. 743; 113 N. Y. S. 1095, it was held that where a deed is made to a named grantee " and his wife," without giving the wife's name, she takes as tenant by the entirety, and the contract of sale of the property by her husband and herself was enforceable during the lives of both, and is enforceable by her after her husband's death, she having, by reason of his death, become the absolute owner of the property and entitled to recover from the contract purchaser the balance due upon the contract of sale of the property upon tendering to the said purchaser a deed and abstract of title to the same. The court, however, in deciding the case stated that "the sole question presented" was whether or not the deed executed and delivered to " Ellsworth B. McArthur and his wife, " not naming the wife, made them tenants by the entirety. It was so held.

 The wife instituted the suit in her individual name and as administratrix of her deceased husband, and there was apparently no question or suggestion of equitable conversion by reason of the contract of sale raised or considered by the court in disposing of the case.

In *Armondi* v. *Dunham*, 221 App. Div. 679; 225 N. Y. S. 87; it was stated:

Tenancies by the entirety are so ancient that the history of their origin is lost. They are peculiar to the relation of husband and wife and to real estate—not existing in respect to personal property. *Matter of Albrecht*, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700; *Matter of Blumenthal's Estate*, 236 N. Y. 448, 141 N. E. 911, 30 L. R. A. 901.

The contract of sale which was executed during the lives of both expressly provided that its stipulations should "apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties.

We are of the opinion that the contract of sale entered into by them terminated the tenancy by the entirety and operated as an equitable conversion of the realty into personalty and in the proceeds of the sale, the husband and wife became tenants in common, each entitled to one-half thereof, in which there was no survivorship.

We are, therefore, of the opinion that the petitioner is taxable with only one-half of the profit from the sale of the property and the Commissioner was in error in holding otherwise.

Reviewed by the board.

*Judgment will be entered under Rule 50.*