WALTER J. REESE, EXECUTOR OF THE ESTATE OF CARL REESE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44691. Promulgated December 31, 1931.

*Frederick L. Pearce, Esq.*, and *A. J. Levin, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

### OPINION.

McMahon : This proceeding raises three issues which will be discussed in the order in which they have been previously set forth herein.

The Revenue Act of 1926 provides in part:

Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

   *       *       *       *       *       *       *

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: *Provided*, That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: * * *

At the time of the death of the decedent there existed a deposit of $6,207.30 in a bank in Michigan in the joint names of the decedent

and his wife, payable to both or either or the survivor. It is conceded by both parties to the proceeding that this deposit belonged to decedent and his wife as joint tenants. In the instant proceeding we have no proof that any portion of the amount of the joint account was contributed by or originally belonged to the decedent's wife, and we accordingly hold that the respondent did not err in including the full amount thereof in decedent's gross estate. *Herbert D. Robinson, Executor*, 21 B. T. A. 1373; *Rita O'Shaughnessy, Executrix*, 21 B. T. A. 1046.

The petitioner also alleges that the respondent erred in including in gross estate the full value of the interest of the decedent and his wife under the four contracts which we have described in our findings of fact. He relies upon *Ada M. Slocum*, 21 B. T. A. 169, in which it was held that the proceeds from a sale of property held as a tenancy by the entireties in Michigan, including a land contract, are personalty held as a tenancy in common, and that only one-half of the value of the land contract with accrued interest should be included in the gross estate of the decedent. ·

It is clear from the decisions of the courts of Michigan that the right of survivorship does not attach, as a matter of law, to personal property held in joint ownership. In *Hart* v. *Hart*, 201 Mich. 207; 167 N. W. 337, it is stated:

\*     \*     \*     ◄     \*     \*     \*

From an examination of the authorities we conclude that it is the fixed and settled law of this jurisdiction that the right of survivorship does not attach, as matter of law, to personal property held in joint ownership, nor that bequests to two or more persons by operation of law pass to the survivor; in other words, joint tenancy, in personal property, with its right of survivorship, does not obtain in this jurisdiction. The authorities from other jurisdictions are in hopeless conflict. \* \* \*

See also *Waite* v. *Bovee*, 35 Mich. 425; *Luttermoser* v. *Zenner*, 110 Mich. 186; 86 N. W. 117; *Ludwig* v. *Brunner*, 203 Mich. 556; 169 N. W. 890.

However, an examination of later Michigan cases discloses that a right of survivorship may be created in personal property where it is shown that such right was intended by the parties in interest. None of the above cited Michigan cases " forbid the creation of the right of survivorship in personalty where it is created by the express act of the parties." *Lober* v. *Dorgan*, 215 Mich. 62; 183 N. W. 942.

In *Detroit & Security Trust Co.* v. *Kramer*, 247 Mich. 468; 226 N. W. 234, decided by the Supreme Court of Michigan on July 8, 1929, Kramer and his wife held two parcels of land in Michigan as tenants by the entireties. Each parcel was sold by Kramer and his wife on a land contract giving the vendee immediate possession

of the property. Thereafter, on January 4, 1923, Kramer's wife died, and at that time there was still unpaid on these two contracts substantially $13,000. Kramer continued to collect the purchase money and suit was brought by the administrator and heirs of the estate of Kramer's wife for recovery of one-half of the amounts collected. It was the contention of the plaintiffs that the execution of the sales contract terminated the right of survivorship and that Kramer and his wife became tenants in common in the property. The court held that Kramer's right of survivorship was not destroyed, stating (other facts appearing from the quotation which follows) in part:

    \*              \*              \*              \*              \*              \*              \*

The property rights herein involved became vested at the death of Mrs. Kramer in 1923, and hence we are not concerned with subsequent legislation in this state (Pub. Acts 1925, No. 126, and Pub. Acts 1927, No. 212), which under like circumstances would now vest complete ownership in the surviving spouse.

    \*              \*              \*              \*              \*              \*              \*

To hold in this case that, on account of the equitable doctrine of conversion, the respective rights of survivorship between Mr. and Mrs. Kramer were terminated by the execution of executory contracts to sell, is to nullify the settled plan for the disposition of their properties which they deliberately adopted without there being the slightest proof of any intention or desire on the part of either so to do. It is of little consequence in this case whether it is held that the remaining interest of the vendors in the contracted lands is realty or personalty. If it is realty, under the well-established law of this state the right of survivorship vested title in Mr. Kramer; and, if it is personalty, it is equally plain that under our law those parties had a right to arrange by contract for survivorship in such personalty. Regardless of what may have been said in some of the earlier decisions of this court, it is now the established law of this state that, in the absence of statutory provisions to the contrary, a right of survivorship may be created in personal property. *Lober* v. *Dorgan*, 215 Mich. 62, 183 N. W. 942; *Scholten* v. *Scholten*, 238 Mich. 679, 214 N. W. 320; *In re Peterson's Estate*, 239 Mich. 452, 214 N. W. 418; *Forler* v. *Williams*, 242 Mich. 639, 219 N. W. 641.

We think it conclusively appears in this record that Mr. and Mrs. Kramer so arranged their respective properties that in effect it amounted to a contractual undertaking that each should take and hold a right of survivorship in the other's property. Each was the owner of real property, they deeded to a third party, and he redeeded to them the combined properties as tenants by the entireties. For six years next prior to her death, Mrs. Kramer and her husband continued to hold all their real estate in this manner. Neither of them ever intended or attempted to terminate or divest the estate so created. \* \* \*

To the same effect are *Foy* v. *King*, 248 Mich. 650; 227 N. W. 541; and *Moore* v. *Van Goosen* (Mich.), 229 N. W. 451. In the case last cited the court stated in part:

\* \* \* Defendants sold entirety property. They took back a contract to themselves as vendors and as tenants by the entirety. Their contract interest was held in the same manner and subject to the same law as the land itself, and the change from the holding in fee to an interest as vendors was without advantage to creditors. \* \* \*

\* \* \* By agreement, arrangement or contract between them, defendants might hold such funds by entireties. *Detroit & Security Trust Co.* v. *Kramer, supra.* \* \* \* The funds arose upon sale of entirety property, and were paid to the tenants by entirety. They were reinvested in entirety property. The evidence tends to show that the funds were held by entireties. There is nothing to indicate that the funds, entirety property at their inception, lost their character before being reinvested in the entirety property in question. •

In the instant proceeding the respondent has included the value of the land contracts relating to premise 40 Rowena Street and 2905 Field Avenue and 3511 Sheridan Avenue in the gross estate of the decedent as " jointly owned property." The burden is upon the petitioner to show that the respondent erred in such inclusion. As was pointed out in the above cited cases of the courts of Michigan, it is possible for the parties selling property owned by them as tenants by the entireties to so agree between themselves as to render the proceeds from such sales property held by them with right of survivorship. It is not clear from those cases as to whether these proceeds are real property held as tenants by the entireties or as joint tenants or whether they are personalty held as joint tenants, but the full value of either class of property must be included in the gross estate of the decedent, under the provisions of section 302 of the Revenue Act of 1926. The petitioner in the instant proceeding has not shown that there was no agreement between the decedent and his wife as to a right of survivorship in the proceeds of the sale of these properties held by them as tenants by the entireties. On the contrary, there is evidence from which such an agreement may be inferred. In this situation the petitioner has not overcome the presumption in favor of the correctness of the respondent's determination and we must hold that the land contracts received in the sales of the premises at 40 Rowena Street, 2905 Field Avenue and 3511 Sheridan Avenue should be included in the gross estate of the decedent at the values stated in our findings of fact.

It is the contention of the petitioner that the land contract pertaining to 3511 Sheridan Avenue was personalty held in common by decedent and his wife. Petitioner states that decedent and his wife did not own these premises as tenants by the entireties, but that they simply purchased from Howard E. Lange and Helen E. Lange, a contract for the sale of such premises. However, the admitted facts show that on January 4, 1926, the decedent and his wife acquired the premises at 3511 Sheridan Avenue as tenants by the entireties. With regard to the contract for the sale of these premises, which was executed on January 4, 1926, we are governed by Act 126, Public Acts of Michigan, 1925, which provides:

SECTION 1. In all cases where a husband and wife shall sell land held as a tenancy by the entirety and accept in part payment for the purchase price the

note or other obligation of said purchaser payable to said husband and wife, secured by a mortgage on said land payable to husband and wife, the said debt together with all interest thereon, unless otherwise expressly stated in said mortgage, after the death of either shall be payable to the survivor, and the title to said mortgage shall vest in the survivor, and in case a contract for the sale of property owned by the husband and wife as tenants by the entirety, is entered into by them as vendors the same provisions herein applying to the rights of the survivor in mortgages as above set forth shall apply to the survivor of the contract.

Approved April 30, 1925.

We are also of the opinion that the full value of the interest of decedent and his wife under the contract concerning lot 73 of Mack Avenue Farms No. 1 Subdivision, should be included in decedent's gross estate. The decedent and his wife did not hold legal title to that lot, but simply owned a contract for its purchase and when, on December 4, 1925, they entered into a contract to sell such lot they, in reality, simply contracted to sell their contract to purchase such lot. The respondent held that this was "jointly owned property," and included the full value thereof in the gross estate.

As pointed out above, section 302 of the Revenue Act of 1926 provides that the gross estate of a decedent shall include the full value of property held by decedent and any other person as joint tenants.

In *Lober* v. *Dorgan, supra*, it is stated:

In Michigan the doctrine of the common law with reference to joint tenancies in personal property has never been adopted. *Waite* v. *Bovee*, 35 Mich. 425. But this fact does not furnish any reason for holding that parties may not create them by express contract. The statute nowhere forbids it, and the Legislature itself has recognized joint tenancies in real estate by pointing out the way in which they may be created. 3 C. L. 1915, § 11562.

In the instant proceeding the petitioner has not shown that the decedent and his wife did not enter into an express contract creating a joint tenancy with regard to the property in question. We therefore hold that he has not shown error in the respondent's inclusion of the full value of such property in the decedent's gross estate.

The petitioner also assigns as error the inclusion by the respondent in the gross estate of the amount of $31,000 representing the value, at the date of the death of the decedent, of premises 2504 Chicago Boulevard, Detroit, Mich., held by decedent and his wife as tenants by the entireties. The evidence discloses that this property was substantially all paid for from the proceeds of sales of property previously held by decedent and his wife as tenants by the entireties. Petitioner contends that the proceeds from the sale of property owned as tenants by the entireties constitute property held by husband and wife as tenants in common and therefore claims that one-half the money used for purchasing the property in question in the instant

proceeding was furnished by the decedent's wife and that one-half of the property in question " originally belonged " to the wife within the meaning of the revenue act. However, in conformity with the discussion set forth above, in which it was shown that the proceeds from the sale of property held by decedent and his wife as tenants by the entireties may likewise constitute property held as tenants by the entireties, we hold that petitioner had not shown that any portion of the property belonged to decedent's wife. The respondent's inclusion of the full value of such property in the gross estate of the decedent is approved.

In *Ada M. Slocum, supra*, cited by petitioner, no question was raised as to whether the taxpayer had overcome the presumption in favor of the Commissioner's determination and that question was not considered. In this view that case is. distinguishable from the instant proceeding.

Reviewed by the Board.

*Judgment will be entered for the respondent.*