**COMMISSIONER OF INTERNAL REVENUE v. HART.**

**No. 6573.**

Circuit Court of Appeals, Sixth Circuit.

April 9, 1935.

F. A. LeSourd, of Washington, D. C. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for petitioner.

William A. Rhodes, of Detroit, Mich., for respondent.

Thomas G. Long, of Detroit, Mich., amicus curiæ.

Before HICKS, SIMONS,. and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

This review involves income by way of interest on a so-called "land contract" under which real estate in Michigan, originally held by the respondent and wife as tenants by the entirety, was sold, and comes to us again for consideration on petition for rehearing, which we grant. The Commissioner contends that if the vendors' interest in the contract remains an estate by the entirety, the interest upon the unpaid balance is the income of the. husband and taxable to him, and made a determination of taxes on that theory. The respondent originally, both before the Board and here, took the position that the interest of the vendors in the contract is one of joint tenancy rather than an estate by the entirety, and that the income received from the contract is taxable one-half to him and one-half to his wife, and the redetermination of the Board of Tax Appeals overruling the Commissioner should be sustained. The respondent now says that even though the estate is one by the entirety, the Board is still right, even though its decision is based upon the wrong reason.

The review involves proceedings for redetermination of deficiencies for the calendar years 1928 and 1929, which were consolidated for hearing and decision on stipulated facts. Prior to 1928, the respondent and his wife were the owners of real estate in Detroit as tenants by. the entirety. They sold the property under an executory contract providing for a down payment with the balance payable in installments over a period of years, together with yearly interest on deferred payments without characterizing the nature of the vendors' interest in such payments. The respondent included one-half of the interest received on the contract in his tax returns for the years in question, and the other half was reported as income by his wife. The Board held that the income did not arise from the property held as or in the nature of a tenancy by the entirety, and redetermined respondent's tax on the basis that only one-half of the interest received was his. The Commissioner seeks review.

The Board's decision was based upon a consideration of Michigan law with respect to the nature of the estate held by husband and wife in contracts for the sale of real estate previously held by the entirety, and an interpretation put upon Act No. 212, Public Acts of Michigan 1927 (1929 C. L., § 13071), printed in the margin.[1] As this statute has not hitherto been construed by the Michigan Supreme Court, its meaning under familiar principles becomes one of first impression here.

In Michigan, the common-law rule that a conveyance to husband and wife creates a tenancy by the entirety has persisted except in respect to conveyances explicitly indicating that some other kind of tenancy is intended. Even the qualifying phrase "as joint tenants," while sufficient to create a joint tenancy in a conveyance to grantees generally, does not avoid the creation of an estate by the entirety when the grantees stand in the marital relation to each other. Hoyt v. Winstanley, 221 Mich. 515, 191 N. W. 213; Way v. Root, 174 Mich. 418, 427, 430, 140 N. W. 577. Regardless of what may have been said in some of the earlier decisions of the Michigan Supreme Court, it is now established law that in the

---

[1] All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state, with full right of ownership by survivorship in case of the death of either.

absence of statutory provisions to the contrary, a right of survivorship may be created in personal property. Lober v. Dorgan, 215 Mich. 62, 183 N. W. 942; Scholten v. Scholten, 238 Mich. 679, 214 N. W. 320; Forler v. Williams, 242 Mich. 639, 219 N. W. 641; Detroit & Security Trust Co. v. Kramer, 247 Mich. 468, 473, 226 N. W. 234. In respect to land contract interests such as here involved, it has been held that after sale, the interest of the vendors becomes personal property. Bowen v. Lansing, 129 Mich. 117, 88 N. W. 384, 57 L. R. A. 643, 95 Am. St. Rep. 427; Detroit Trust Co. v. Baker, 230 Mich. 551, 203 N. W. 154, 204 N. W. 773. This is under the equitable doctrine of conversion, and because of the necessity for some rule of property by which the rights of descent and distribution may be definitely fixed. Notwithstanding that land contract interests are for certain purposes deemed to be personal property, it has been the general understanding and construction of the law for many years that the right of survivorship exists with respect to land contract interests if the property was originally held as an estate by the entirety. Detroit & Security Trust Co. v. Kramer, supra.

▪ It is against this background of decision that Act No. 212 must be viewed. It is agreed that the vendors' interest in a land contract is covered by the statute by reason of the phrase "other evidences of indebtedness," undoubtedly in recognition of the maxim noscitur a sociis, since such instruments are of the same general nature as bonds, mortgages, notes, and the like. It is contended, however, by the petitioner, that since the statute provides that such evidences of indebtedness shall be held by the husband and wife in joint tenancy unless otherwise therein expressly provided, the estate by the entirety which existed prior to sale ceases, and is converted into a joint tenancy, without any of the incidents which distinguish an estate by the entirety from joint tenancies generally.

This contention, however, gives no effect to the succeeding clauses of the statute, to wit: "In the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state." The case of Detroit & Security Trust Co. v. Kramer, supra, which, while decided since the effective date of Act No. 212, related to an estate created prior to that date and was therefore decided without reference to the statute, is authority for the statement that joint tenancies with the right of survivorship existed in land contract interests prior to the effective date of that act. The court indicated that if the rule had been otherwise, it would have seriously impaired the title to every parcel of real estate which had been thus conveyed. This being so, Act No. 212 did not for the first time create a joint tenancy in executory contracts for the sale of real estate, and must be held to indicate a change in the law. The fact that the act uses the term "joint tenancy" does not require a different conclusion, because that is the generic term applied to a class of tenancies which includes tenancies by the entirety, and the Michigan court has been careful to point out that estates by the entirety are a modified form of joint tenancies, and that the terms are sometimes used interchangeably. Hoyt v. Winstanley, supra.

In a previous consideration of Act No. 212 [Hiller v. Olmstead, 54 F.(2d) 5, 7], we expressed the view that it in effect created an estate by the entirety in "all bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife." While decision did not require an interpretation of the act, the view there expressed reinforces our present conclusion.

▪ It having been apparently conceded both before the Board and here that if the Board's interpretation of Act No. 212 was erroneous, and if the income here involved was derived from an estate by the entirety, it was all taxable as the income of the respondent, we announced an opinion on January 8, 1934, setting aside the Board's decision. This was on the ground that one of the incidents of an estate by entirety under Michigan law is that the husband has control of the property and the right to receive and dispose of income therefrom, citing Morrill v. Morrill, 138 Mich. 112, 101 N. W. 209, 110 Am. St. Rep. 306, 4 Am. St. Rep. 1100. We are now convinced by a study of the Michigan cases discussed in the brief supporting the petition for rehearing, and in the brief of amicus curiæ, submitted to us at our request, that the rule apparently announced in Morrill v. Morrill is no longer the law of Michigan, if ever it was. Battjes Fuel & Building Material Co. v. Milanowski, 236 Mich. 622, 211 N. W. 27; People's State Bank of Pontiac v. Reckling, 252

Mich. 383, 233 N. W. 353; American State Trust Co. v. Rosenthal, 255 Mich. 157, 237 N. W. 534; Bankers' Trust Co. v. Humber, 264 Mich. 71, 249 N. W. 454. It is clearly the holding of these cases that payments due upon a contract for the sale of land held by husband and wife as tenants by the entireties cannot be reached in garnishment by the husband's creditors, that rent from property so held is not subject to garnishment by creditors of the husband, and that the rents, profits, or income of such property is not subject to process under a judgment creditor's bill in equity at the instance of the husband's creditors. The holding by the entireties in Michigan is therefore entirely analogous to the community holding involved in Poe, Collector of Internal Revenue, v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239, and income therefrom is not taxable to the husband alone. Cooley v. Commissioner, 75 F.(2d) 188 (C. C. A. 1), decided January 31, 1935, being based on a rule of property in Massachusetts, does not persuade us to the contrary. It follows that even though the Board applied an erroneous construction of the Michigan statute, its decision is right.

Our former opinion is therefore withdrawn, and the order of the Board of Tax Appeals is sustained.