ELIZABETH PUTNAM, EXECUTRIX, ESTATE OF WILLIAM LOWELL PUTNAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32308. Promulgated November 5, 1930.

*Abbott P. Mills, Esq.,* for the petitioner.
*Frank T. Horner, Esq.,* for the respondent.

OPINION.

SMITH: The only question for our determination in this proceeding is whether the value of the real estate owned by the decedent and his wife as tenants by the entirety at the time of decedent's death should be included in the value of decedent's estate for Federal estate-tax purposes.

The pertinent parts of the statute are sections 301(a) and 302 of the Revenue Act of .1924, which read in part:

SEC. 301. (a) In lieu of the tax imposed by Title IV of the Revenue Act of 1921, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act * * *.

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*      \*      \*      \*      \*      \*      \*

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or, deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth \* \* \*.

\*      \* .      \*      \*      \*      \*      \*

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

In *James E. Tyler, Jr., et al.* v. *United States*, 281 U. S. 497, the Supreme Court held that property owned by husband and wife as tenants by the entirety, where the estate was created subsequent to the effective date of the taxing statute, is includable in the gross estate of the decedent spouse for the purpose of computing the estate tax under the corresponding provisions of the 1916 and 1921 Revenue Acts.

The petitioner here contends that since the tenancy was created prior to the enactment of either the 1924 or the 1916 Act it does not come under the rule of the *Tyler* case; that section 302 of the 1924 Act should be so construed as to permit the inclusion in the gross estate of only tenancies by the entirety created subsequent to the enactment of the Revenue Act of 1916, and that if otherwise construed the Act becomes unconstitutional.

The decision of the court in the *Tyler* case does not appear to rest primarily upon the fact that the tenancies under consideration were created after the enactment of the applicable statutes. The constitutionality of the statute there was attacked upon the grounds— (1) that it imposed a direct tax upon property without apportionment, and (2) that it was so arbitrary and capricious as to amount to a deprivation of property without due process of law. The court in its opinion went no further than to reject these contentions. We quote from the opinion:

The question here, then, is not whether there has been, in the strict sense of that word, a " transfer " of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights.

\*      \*      \*      \*      \*      \*      \*

At his death, however, and because of it, she, for the first time, became entitled to exclusive possession, use and enjoyment; she ceased to hold the property subject to qualifications imposed by the law relating to tenancy by the entirety, and became entitled to hold and enjoy it absolutely as her own; and then, and then only, she acquired the power, not theretofore possessed, of disposing of the property by an exercise of her sole will. Thus the death of one of the parties to the tenancy became the "generating source" of important and definite accessions to the property rights of the other. These circumstances, together with the fact, the existence of which the statute requires, that no part of the property originally had belonged to the wife, are sufficient, in our opinion, to make valid the inclusion of the property in the gross estate which forms the primary base for the measurement of the tax. And in that view the resulting tax attributable to such property is plainly indirect.

\* \* \* \* \* \* \*

To include in the gross estate, for the purpose of measuring the tax, the value of property, no part of which originally belonged to one spouse, but which came to the tenancy, mediately or immediately, as a pure gift from the other, and which, as a consequence of the latter's death, was relieved from restrictions imposed by the law in respect to tenancy by the entirety so as to produce in the survivor the right of sole proprietorship, is obviously neither arbitrary nor capricious. The evident and legitimate aim of Congress was to prevent an avoidance, in whole or in part, of the estate tax by this method of disposition during the lifetime of the spouse who owned the property, or whose separate funds had been used to procure it; and the provision under review is an adjunct of the general scheme of taxation of which it is a part, entirely appropriate as a means to that end. *Taft* v. *Bowers*, 278 U. S. 470, 482.

The petitioner relies especially upon the language appearing in the last quoted sentence of the court's opinion as limiting the operation of the statute to tenancies created subsequent to the enactment of the applicable act or at least a similar prior act. The court, however, was not interpreting the statute nor was it considering the validity of the statute as applied retroactively to tenancies created prior to its enactment. As a matter of interpretation, it is well settled that retroactivity in a taxing statute is to be avoided whenever possible. *Shwab* v. *Doyle*, 258 U. S. 529; *Gould* v. *Gould*, 245 U. S. 151; *White* v. *United States*, 191 U. S. 545. Rules of construction, however, are helpful only when the meaning of the statute is in doubt. In the instant case the statute specifically provides in section 302(h) that the value of the gross estate shall include estates, interests, etc., held as tenants by the entirety "whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act."

Thus applied, is the statute unconstitutional as petitioner contends? We do not find in the opinion of the court in the *Tyler* case any such express or implied limitation upon the scope of the statute. On the other hand, the court seems to sanction the right of Congress to include in the value of the gross estate the value of

all property rights passing to the survivor upon the death of the other tenant, regardless of when these rights came into the tenancy. The following language quoted above serves to illustrate:

\* \* \* Thus the death of one of the parties to the tenancy became the "generating source" of important and definite accessions to the property rights of the other. These circumstances, together with the fact, the existence of which the statute requires, that no part of the property originally had belonged to the wife, are sufficient, in our opinion, to make valid the inclusion of the property in the gross estate which forms the primary base for the measurement of the tax. And in that view the resulting tax attributable to such property is plainly indirect.

In challenging the constitutionality of the Act the petitioner relies upon *Nichols* v. *Coolidge*, 274 U. S. 531. The facts in that case, as well as the question of law presented, were entirely different from those in the case at bar. The court there held that section 402(c) of the Revenue Act of 1918 was unconstitutional in so far as it required the inclusion in the gross estate of the value of property transferred by a decedent prior to the passage of the Act, to take effect in possession or enjoyment at or after death. So construed, the Act was found to be so arbitrary and capricious as to amount to a confiscation. The chief objection voiced by the court was that:

The statute requires the executors to pay an excise ostensibly laid upon transfer of property by death from Mrs. Coolidge to them but reckoned upon its value plus the value of other property conveyed before the enactment in entire good faith and without contemplation of death.

The court there said, however, that " certainly Congress may lay an excise upon the transfer of property by death reckoned upon the value of the interest which passes thereby." In the case at bar the statute under consideration requires the inclusion in the gross estate of only the property that was " brought into being or ripened for the survivor " upon the death of the decedent.

We are of the opinion that the petitioner's objection to the statute upon constitutional grounds is unwarranted. *Ada M. Slocum, Executrix*, 21 B. T. A. 169; *Pennsylvania Co. for Insurances, etc., et al., Executors*, 21 B. T. A. 176; *Commerce Union Trust Co., Executor*, 21 B. T. A. 174.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*